United States Court of Appeals
Fifth Circuit

F I L E D

July 10, 2006

Charles R. Fulbruge III
Clerk

In the

United States Court of Appeals

for the Fifth Circuit

_____

Nº 04-41043

_____

JOSE SALAZAR,

Plaintiff-Appellant,

VERSUS

ALLSTATE TEXAS LLOYD'S, INC.,

Defendant-Appellee.

_____

Appeals from the United States District Court
for the Southern District of Texas

_____

Before SMITH, WIENER, and STEWART,
Circuit Judges.

JERRY E. SMITH, Circuit Judge:

Jose Salazar appeals the denial of his motion to remand to state court his suit against Allstate Texas Lloyd's, Inc. ("Allstate Texas"), under a homeowners' insurance policy issued by Allstate Texas. We vacate and remand.

I.

Jose Salazar, a citizen of Texas, sought coverage under his homeowner's insurance policy, issued by Allstate Texas, for damage to his house caused by a water leak. He was dissatisfied with the way in which Allstate Texas, also a citizen of Texas, had processed his claim, so he sued it in state court, alleging breach of contract, breach of the duty of good faith and fair dealing, and violations of the Texas Insurance Code and Texas Deceptive Trade Practices Act. Salazar did not sue Allstate Texas Lloyd's Company ("Allstate

Illinois"), the entity that actually had underwritten the policy. Allstate Illinois is an unincorporated association of underwriters, each of which is a citizen of Illinois. Accordingly, Allstate Illinois is considered a citizen of Illinois.

Allstate Texas removed to federal court and filed motions seeking to join Allstate Illinois as a defendant and to dismiss the action against Allstate Texas. In support of removal, Allstate Texas claimed diversity of citizenship. It argued that Allstate Illinois, and not Allstate Texas, was the proper defendant and that Salazar was attempting improperly to avoid federal jurisdiction by not suing Allstate Illinois.[1]

Salazar moved to remand. The district court denied the motion and granted Allstate Texas's motions to add Allstate Illinois as a defendant and to dismiss the action against Allstate Texas. These actions effectively substituted Allstate Illinois for Allstate Texas as the defendant. The court based its actions on Federal Rules of Civil Procedure 17(a), 19, and 21.

Pursuant to Federal Rule of Civil Procedure 54(b), the court also certified that the dismissal of all claims against Allstate Texas was a final judgment and hence immediately appealable. Salazar accordingly appeals the dismissal on the ground that the district court lacked jurisdiction.

After Salazar appealed the remand issue, the district court entered summary judgment in favor of Allstate Illinois on all claims against it. Although he did not then file a timely motion to appeal the summary judgment, Salazar now argues, as a part of his appeal from the dismissal of Allstate Texas, that the order should be stricken for want of jurisdiction.

## II.
### A.
We review the denial of a motion to remand *de novo*. *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 (5th Cir. 2005). We review a dismissal or joinder of parties for abuse of discretion. *Wieburg v. GTE Southwest Inc.*, 272 F.3d 302, 308 (5th Cir. 2001).

### B.
The central question is whether a district court can appropriately assert removal jurisdiction by dismissing a nondiverse in-state defendant and replacing it with a diverse foreign defendant, where the nondiverse in-state defendant was the only named defendant in the action when the suit was removed. So, we must decide whether a district court can create removal jurisdiction based on diversity by sub-

---

[1] Allstate Illinois is a "Lloyd's plan insurer," which, under Texas law, "consists of a group of underwriters who join together to issue insurance through an attorney in fact or other representative." *Royal Ins. Co. of Am. v. Quinn-L Capital Corp.*, 3 F.3d 877, 882 (5th Cir. 1993). The group must appoint a Texas resident as the attorney in fact, who acts as the group's agent in the state. *Id.* The attorney in fact is authorized to bind the association to contracts but is not a member of the group of underwriters. *Id.*

Allstate Texas is Allstate Illinois's attorney in fact. As Allstate Texas notes, pursuant to the Amended Articles of Agreement appointing Allstate Texas as the attorney in fact, all policies issued by Allstate Texas are written "in the name of Allstate [Illinois] and signed on behalf of the underwriters." Allstate Texas argues that because it is not an underwriter, it is not liable on the policies it issues on behalf of the underwriters. For that reason, Allstate Texas contends that it is not a proper defendant in suits such as this and that Salazar should have sued Allstate Illinois.

stituting parties.  It cannot.

The district court premised its swap, and concomitant assertion of jurisdiction, on rules 17(a), 19, and 21.  Rule 17(a) provides that

[e]very action shall be prosecuted in the name of the real party in interest . . . .  No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest; and such ratification, joinder, or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest.

The district court explained its reliance on rule 17(a) by stating that Allstate Illinois, and not Allstate Texas, is the "real party in interest." By its terms, however, rule 17(a) applies only to plaintiffs:  "Every action *shall be prosecuted* in the name of the real party in interest . . ." (emphasis added).  Because the rule does not provide a mechanism for ensuring that a defendant is a real party in interest, it cannot support the district court's action.

We must next consider whether rules 19 and 21, and our related jurisprudence regarding fraudulent joinder, authorize the substitution of parties to create diversity jurisdiction. In relevant part, rule 19 provides that

[a] person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest. If the person has not been so joined, the court shall order that the person be made a party.

Rule 21 adds that

[m]isjoinder of parties is not ground for dismissal of an action.  Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just.

Finally, under the fraudulent joinder doctrine, federal removal jurisdiction premised on diversity cannot be defeated by the presence of an improperly-joined nondiverse and/or in-state defendant. *See, e.g.*, *Smallwood v. Ill. Cent. R.R.*, 385 F.3d 568 (5th Cir. 2004) (en banc), *cert. denied*, 544 U.S. 992 (2005). "[T]he test for fraudulent joinder is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state [or nondiverse] defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state [or nondiverse] defendant." *Id*. at 573.

Allstate Texas argues that based on the above rules, the district court did not err in dismissing Allstate Texas, adding Allstate Illinois, and on that basis denying remand, because (1) Allstate Illinois is an indispensable party under rule 19 and was joined rightfully

3

by the district court; (2) Allstate Texas is a "fraudulently joined" party whose presence was designed to defeat removal jurisdiction, and therefore the district court correctly did not consider the citizenship of Allstate Texas in assessing jurisdiction; and (3) Allstate Texas was not a necessary party under rule 19, and accordingly the district court had the authority to drop it from the action pursuant to rules 19 and 21. The fundamental flaw in Allstate Texas's argument, however, is that because there has never been more than one defendant in this suit, this is not a typical fraudulent joinder case.

In the paradigmatic fraudulent joinder case, a plaintiff sues a nominal nondiverse/in-state defendant along with a diverse foreign defendant in an effort to make sure that its claims against the diverse defendant stay in state court. At the time of removal, the diverse defendant is already a party, and the only question is whether the court can disregard the nondiverse/in-state defendant for purposes of assessing jurisdiction. Indeed, all the cases cited by Allstate Texas on this issue fall into this pattern.

Salazar, however, did not hail Allstate Illinois into state court and attempt to force the association to stay there by joining a nominal nondiverse/in-state defendant. Allstate Illinois was not a party at the time of removal, and accordingly our fraudulent joinder jurisprudence offers no guidance on the validity of the district court's action. This court has established that in a multi-defendant case, a nominal defendant can be disregarded in the jurisdictional analysis. We have not established, under the rubric of fraudulent joinder, that in a single-defendant case, a court can first join a diverse foreign defendant and then perfect jurisdiction by dismissing the problematic nondiverse/in-state defendant.

In an attempt to get around this "single defendant" barrier, Allstate Texas argues that pursuant to necessary joinder under rule 19, a court can in fact add a defendant before it performs the fraudulent joinder analysis. That two-step does not work, however, because although district courts can employ rule 19 in a way that destroys diversity (by holding that a nonjoined nondiverse party is indispensable, and therefore that the action must be dismissed from federal court), it is not obvious from the face of the rule that federal courts can employ rule 19 to create diversity and thereby establish jurisdiction where there was none. Indeed, this court has held that where an entity has not properly been made a party in state court, removal jurisdiction cannot be premised on its presence in the action. *See Housing Auth. v. Millwood*, 472 F.2d 268, 272 (5th Cir. 1973).

Accordingly, if the district court's action in this case is valid, it can only be because a substitution of parties is permitted under rule 21. As we have observed, rule 21 provides that "[p]arties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just."

Although the broad language of rule 21 could be read as authorizing the substitution of parties, two circuits have held that the rule does not contemplate substitution to create jurisdiction. In *N. Trust Co. v. Bunge Corp.*, 899 F.2d 591, 597 (7th Cir. 1990), the court stated that while "the Supreme Court [has] permitted the addition of two parties as plaintiffs to cure a perceived lack of standing," "we have found no case in which Rule 21 has been used to add parties to cure a defect in statutory jurisdiction." In *Field v. Volkswagenwerk AG*, 626 F.2d 293, 306 (3rd Cir. 1980), the court spoke more directly to the precise issue involved in this case, asserting that

4

[W]hat the appellants endeavor to accomplish here is not to drop a misjoined party or to add a nonjoined party, but to substitute a diverse claimant for a non-diverse plaintiff. This kind of practice is simply not within the scope of Rule 21, which is not a rule providing for the substitution of parties.[2]

We agree with our colleagues on the Third and Seventh Circuits: Rule 21 does not allow for substitution of parties to create jurisdiction. The district court therefore abused its discretion by adding Allstate Illinois as a defendant, dropping Allstate Texas from the suit, and thereby asserting removal jurisdiction based on diversity.

In summary, the suit, as removed, was between two nondiverse parties. The district court accordingly lacked jurisdiction to entertain the suit and had no authority to dismiss Allstate Texas. Salazar's motion to remand should have been granted. We REVERSE the dismissal of Allstate Texas. Because the district court lacked jurisdiction *ab initio*, we VACATE the summary judgment in favor of Allstate Illinois and REMAND with instruction to remand to state court.[3]

---

[2] Although *Field* dealt specifically with a substitution of plaintiffs, its holding applies equally to the substitution of defendants, because rule 21 mentions only "parties" and makes no distinction between plaintiffs and defendants.

[3] Salazar's motion to strike, for want of jurisdiction, the district court's order granting summary judgment is DENIED as unnecessary.