REVISED September 5, 2007

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 28, 2007**

Charles R. Fulbruge III
Clerk

No. 06-20498

JENNIFER GASCH and TAMMY GASCH,
as next friend to Z.G., a minor,

Plaintiffs - Appellants

v.

HARTFORD ACCIDENT & INDEMNITY
COMPANY and KAREN FRAZIER,

Defendants - Appellees

Appeal from the United States District Court
for the Southern District of Texas

Before HIGGINBOTHAM, DAVIS, and WIENER, Circuit Judges.

Wiener, Circuit Judge:

Plaintiffs-Appellants Jennifer Gasch and Tammy Gasch, as next friend to Z.G., a minor, (together, "the Gasches") brought an action (the "Gasch claim") against Defendants-Appellees Hartford Accident & Indemnity Co. ("Hartford") and its adjuster Karen Frazier, like the Gasches, a citizen of Texas, alleging that Hartford improperly denied the Gasch claim for workers' compensation survivor death benefits, in violation of Texas law. Hartford removed the action to the

district court based on diversity jurisdiction, asserting that the sole non-diverse defendant, Frazier, had been improperly joined. The Gasches did not file a motion to remand, and the district court never dismissed Frazier as improperly joined. Rather, the district court eventually granted summary judgment in favor both of Hartford and Frazier. The Gasches appeal that decision. Addressing federal jurisdiction sua sponte, as we must, we conclude that Frazier was not improperly joined, so the federal courts do not have subject matter jurisdiction over this case. We therefore vacate the decision of the district court and remand to that court with instructions that it remand to state court.

## I. FACTS AND PROCEEDINGS

In 1999, Linnie Gasch ("Linnie") sustained a work-related injury that left him paralyzed from the waist down. Hartford accepted liability under the Texas Workers' Compensation Act.

In 2003, Linnie died. A claim for survivor death benefits was filed on behalf of Linnie's wife and minor child, asserting that Linnie had died of a myocardial infarction related to his compensable injury. Hartford, through Frazier, initially denied the claim, determining that the myocardial infarction was not related to his paraplegia. Hartford later accepted liability and paid death benefits after determining that the cause of Linnie's death was not an nrelated infarction but a pulmonary embolism related to his paraplegia.

2

The Gasches brought an action in state court, alleging that Hartford and Frazier violated (1) the Texas common law duty of good faith and fair dealing, (2) the Texas Deceptive Trade Practices Act ("DTPA"),[1] and (3) Article 21.21 of the Texas Insurance Code.[2]  Specifically, the Gasches asserted that Hartford, through Frazier, denied their death benefits claim even though Hartford's liability was reasonably clear or, alternatively, that Hartford, through Frazier, failed to investigate the claim reasonably, in violation of Texas law.

Hartford removed to federal court on the basis of diversity jurisdiction, contending that Frazier had been improperly joined.  Hartford asserted that the Gasches had "failed to allege any valid state law cause of action and [that the Gasches would] . . . not be able to demonstrate that Karen Frazier individually violated any statutory provision."  The Gasches did not seek to remand; in fact,

---

[1] Section 17.50(a)(4) of the Texas Business and Commerce Code provides that a consumer may maintain an action for damages resulting from "the use or employment by any person of an act or practice in violation of Chapter 541, Insurance Code."  TEX BUS. & COM. CODE § 17.50(a)(4).

[2] "Section 3 of Article 21.21 prohibits any person from engaging in deceptive trade practices in the insurance business, and section 16 provides a private cause of action against a person that engages in an act or practice declared in section 4 of the article to be unfair or deceptive."  Liberty Mut. Ins. Co. v. Garrison Contractors, Inc., 966 S.W.2d 482, 484 (Tex. 1988). Article 21.21 has been repealed and the relevant portions of section 16 are now codified at section 541.060 of the Texas Insurance Code.  As the codification occurred after the filing of this case and the legal standards have not changed, we reference Article 21.21, as do the parties.

they purported to stipulate that diversity jurisdiction existed.

The defendants moved for summary judgment, contending that (1) the Gasches did not have standing under the Insurance Code or the DTPA, (2) they had not presented sufficient evidence to raise a material issue of fact, and (3) Frazier was not a proper defendant, because, the defendants contended, an insurer's employee may not be individually liable for violations of the Texas Insurance Code.

The district court held that the Gasches had standing to bring the claims. It also concluded that Frazier was a proper defendant, noting that the Texas Supreme Court has held that insurance company employees can be individually liable for violations of Article 21.21. This holding is inconsistent with the defendants' grounds for removal to the federal courts —— improper joinder —— yet the district court never explained the basis for its retaining jurisdiction in light of this holding.

The district court dismissed the Gasch claim against both Frazier and Hartford by granting summary judgment. The Court concluded, as to both Hartford and Frazier, that a reasonable jury could not find that Hartford, through Frazier, had failed to investigate or that Hartford's liability was clear at the time that Hartford, through Frazier, denied the claim.

The Gasches appealed the dismissal of their action on summary judgment,

4

but neither they nor the defendants addressed the jurisdictional quandary presented by this case. We asked for and received supplemental briefing on whether Frazier was improperly joined.

## II. ANALYSIS

### A.  Standard of Review

All issues of subject matter jurisdiction, including whether a party is improperly joined, are questions of law reviewed de novo.[3] We may consider subject matter sua sponte, as "subject-matter delineations must be policed by the courts on their own initiative."[4]

### B.  Removal

Under 28 U.S.C. § 1441(a), any state court civil action over which the federal courts would have original jurisdiction may be removed from state to federal court. When original federal jurisdiction is based on diversity, however, a defendant may remove only "if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."[5] In this case, the Gasches and the individual defendant, Frazier, are

---

[3] Crockett v. R.J. Reynolds Tobacco Co., 436 F.3d 529, 532 (5th Cir. 2006); McDonal v. Abbott Labs., 408 F.3d 177, 182 (5th Cir. 2005).

[4] See Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583 (1999).

[5]    28 U.S.C. § 1441(b).

5

citizens of the same state. When the defendant removed the Gasch claim, they contended that removal was nonetheless proper, insisting that Frazier was improperly joined. To demonstrate improper joinder of resident defendants, the removing defendants must demonstrate either: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court."[6] As the defendants rely on the second prong in this case, the threshold question for us is whether "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant."[7] The burden of proof is on the removing party.[8] In deciding whether a party was improperly joined, we resolve all contested factual issues and ambiguities of state law in favor of the plaintiff.[9] As "the effect of removal is to deprive the state court of an action properly before it, removal raises significant federalism concerns."[10] The removal statute is therefore to be strictly construed, and any doubt about the

---

[6] Crockett, 436 F.3d at 532.

[7] Smallwood v. Ill. Cent. R.R. Co., 385 F.3d 568, 573 (5th Cir. 2004) (en banc), cert. denied, 566 U.S. 992 (2005).

[8] Guillory v. PPG Indus., Inc., 434 F.3d 303, 308 (5th Cir. 2005).

[9] Id.

[10] Carpenter v. Wichita Falls Indep. Sch. Dist., 44 F.3d 362, 365-66 (5th Cir. 1995) (citations omitted).

propriety of removal must be resolved in favor of remand.[11]

C.    Was Frazier Properly Joined?

The defendants contend that the Gasches did not present a colorable claim against Frazier, because, they assert, (1) Frazier, as an adjuster, cannot be held individually liable under Texas law, and (2) even if she could be held liable individually, the Gasches have offered no evidence to support a viable claim against Frazier. Both prongs of the defendants' argument fails.

First, even if we assume that the Gasches cannot maintain their Texas common law and DTPA claims against Frazier, Texas law clearly authorizes Article 21.21 actions against insurance adjusters in their individual capacities. In <u>Liberty Mutual Insurance Co. v. Garrison Contractors, Inc.</u>,[12] the Texas Supreme Court held that an insurer's employee who "engage[s] in the business of insurance" is a "person" for purposes of Article 21.21 and thus may be held liable individually for a violation of that article.[13] The <u>Garrison</u> court clarified that an "employee who has no responsibility for the sale or servicing of insurance policies and no special insurance expertise, such as a clerical worker or janitor,

---

[11] <u>Id.</u> at 366; <u>Acuna v. Brown & Root Inc.</u>, 200 F.3d 335, 339 (5th Cir. 2000).

[12] 966 S.W.2d 482 (Tex. 1988).

[13] <u>Id.</u> at 484-86.

7

does not engage in the insurance business."[14]  Frazier, as a claims adjuster responsible for the servicing of insurance policies for Hartford, "engage[d] in the business of insurance."[15]  Contrary to the defendants' argument, then, Frazier and others in her position very well may be held individually liable for a violation of Article 21.21.

In their supplemental brief on improper joinder, the defendants cite Natividad v. Alexsis, Inc.[16] for the proposition that a claims "adjuster cannot be held liable to the claimant for a breach of the duty of good faith and fair dealing," as "[t]he duty of the insurer is non-delegable."  The Natividad defendants had made this same assertion in their notice of removal, arguing that the "statutory standards [of Article 21.21] were held [in Natividad] to belong uniquely to the insurance carrier and non-delegable to adjustors."  They are flat wrong: Natividad does not insulate Frazier from personal liability for a violation of Article 21.21.

First, the defendants overstate Natividad's holding, as the Texas Supreme Court's opinion in that case does not preclude absolutely recovery from every employee of an insurance company.  In Natividad, the workers' compensation

---

[14] Id.

[15] Id. at 486.  The defendants do not argue that Frazier was not involved the business of insurance.  Indeed, the defendants ignore Garrison.

[16] 875 S.W.2d 695 (Tex. 1994).

insurance carrier, National Union Fire Insurance Co., had contracted with AIG Risk Management ("AIG") to provide all services under the policy. AIG, in turn, contracted with Alexsis, Inc., to provide all claims-adjusting services under the contract.[17] On appeal, the court held that Alexsis and its adjuster, "because they were not parties to a contract with Natividad giving rise to a 'special relationship,' owed Natividad no duty of good faith and fair dealing."[18] Thus, Natividad held that subcontracting companies (and their agents) do not owe claimants a duty of good faith and fair dealing; it did not address the potential liability of the contracting carrier's agents.

In addition, Natividad's holding was limited to common law claims alleging a violation of the duty of the good faith and fair dealing. As the claimant's Article 21.21 claim had already been dismissed, the court never addressed whether the duty under Article 21.21 was delegable.[19] Thus, even if we assume that the Gasches' common law claim were to fail under Natividad, that case's holding still does not bar their Article 21.21 claim against Frazier —— and Garrison explicitly authorizes it.[20]

---

[17] Id. at 696.

[18] Id. at 698.

[19] Id. at 696 n.2.

[20] The defendants note that "the standards under . . . Article 21.21 section 16 and the common law duty of good faith and fair dealing have been specifically held to be identical."

9

Citing Hornbuckle v. State Farm Lloyds,[21] the defendants next contend

that there is no evidence of a viable claim against Frazier. In Hornbuckle, we

concluded that

> [f]or removal purposes, a local defendant is deemed fraudulently joined not only when there is no arguably reasonable basis for predicting that the local law would recognize the cause of action pled against that defendant, but also when, as shown by piercing the pleadings in a summary judgment type procedure, there is no arguably reasonable basis for predicting that the plaintiff would produce sufficient evidence to sustain a finding necessary to recover against that defendant.[22]

Even assuming arguendo that there is no reasonable basis for predicting that

the Gasches would produce sufficient evidence to sustain their claims against

Frazier, informed by our en banc holding in Smallwood v. Illinois Central

Railroad Co.,[23] we conclude that joinder was proper in this case.

In Smallwood, we explained that "[w]hen the only proffered justification

for improper joinder is that there is no reasonable basis for predicting recovery

against the in-state defendant, and that showing is equally dispositive of all

---

Although this might provide some support for extending Natividad's holding to Article 21.21 claims in the absence of the court's holding in Garrison, such an extension is clearly precluded by Garrison.

[21]    385 F.3d 538, 543 (5th Cir. 2004).

[22] Id. at 545.

[23] 385 F.3d 568 (5th Cir. 2004) (en banc), cert. denied, 566 U.S. 992 (2005)

10

defendants rather than to the in-state defendants alone,"[24] there is no improper joinder. Rather, in such a case, "there is only a lawsuit lacking merit."[25] "In other words, there is no improper joinder if a defense compels the same result for the resident and nonresident defendants, because this would simply mean that 'the plaintiff's case [is] ill founded as to all the defendants.'"[26]

Here, a finding that there is no reasonable basis for predicting that the Gasches would produce sufficient evidence to sustain their claims against Frazier would compel dismissal of the suit in its entirety. The evidence demonstrates that Hartford was acting through Frazier when it denied the Gasches' claim for benefits.[27] Indeed, as the defendants themselves note, "[t]he allegations against Frazier were joined with and identical to the allegations against Hartford." As such, the defendants' assertion that the Gasches could not produce evidence to support their claim against Frazier "is more properly an attack on the merits of the claim, rather than an inquiry into the propriety of the

---

[24] _Id._ at 575 (emphasis added).

[25] _Id._ at 574.

[26] _McDonal v. Abbott Labs._, 408 F.3d 177, 183 (5th Cir. 2005) (quoting _Smallwood_, 385 F.3d at 574) (internal quotation marks and citation omitted, alteration in original).

[27] We may pierce the pleadings and consider summary judgment evidence. _See, e.g._, _Smallwood_, 385 F.3d at 574; _Hornbuckle_, 385 F.3d at 545.

joinder of the local party."[28]

Regardless of any doubts that we might have about the merits of the Gasches' claim against Frazier (or their claim against Hartford, for that matter), a meritless claim against an in-state defendant is not the equivalent of improper joinder.[29] As a finding that the Gasches could not have produced evidence against Frazier would apply uniformly to both Hartford and Frazier and would require dismissal of the suit in its entirety, Frazier "w[as] no more improperly joined than the non-resident defendant[]," Hartford.[30]

Finally, the defendants would make much of the fact that counsel for the Gasches stipulated agreement with the defendants' assertion of "Diversity Jurisdiction under 28 U.S.C. § 1332 and 28 U.S.C. § 1441 (removal jurisdiction), including the allegation of fraudulent joinder." Yet the defendants do not cite any specific factual stipulations by the Gasches that support a finding of improper joinder. More importantly, of course, is the truism that subject matter jurisdiction "cannot be conferred by consent, agreement, or other conduct of the

---

[28] McDonal, 408 F.3d at 183.

[29] Smallwood, 385 F.3d at 573 ("[T]he focus of the inquiry must be on the joinder, not on the merits of the plaintiff's case.")

[30] Id.

parties."[31]  As subject matter is non-waivable,[32] this argument would fail even if its factual underpinnings were present.

## III. CONCLUSION

As Frazier was not improperly joined, the federal courts lack jurisdiction over this case.  We therefore VACATE the judgment of the district court and REMAND this case to that court with instructions for it to remand the case to state court.

---

[31] <u>In re Tex. Consumer Fin. Corp.</u>, 480 F.2d 1261, 1266 (5th Cir. 1973).

[32] <u>McDonal</u>, 408 F.3d at 182.

13