# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 10, 2008

Charles R. Fulbruge III
Clerk

No. 06-30900

VOLVO TRUCKS NORTH AMERICA INC

Plaintiff - Appellant-Cross-Appellee

v.

CRESCENT FORD TRUCK SALES INC

Defendant - Appellee-Cross-Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana, New Orleans
No. 2:02-CV-3398

Before KING, STEWART, and PRADO, Circuit Judges.

PER CURIAM:[*]

Plaintiff Volvo Trucks North America, Inc. ("Volvo") appeals the district court's judgment entered on the jury's verdict in favor of defendant Crescent Ford Truck Sales, Inc. ("Crescent") on its breach of contract claim. Crescent cross-appeals the jury's finding, as incorporated into the judgment, that it breached its dealer agreement with Volvo by failing to procure a customer's signature on the warranty registration. Because we find that subject matter jurisdiction does not exist in this case, however, we VACATE the judgment and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

REMAND to the district court with instructions to DISMISS the case without prejudice.

## I.

On November 3, 1999, Luciano Refrigerated Transport, Inc. ("Luciano") initiated an adversary proceeding against Volvo in the United States Bankruptcy Court for the Eastern District of Louisiana. On November 15, 2000, Volvo filed a third-party demand against Crescent. However, on January 9, 2000, Volvo entered into an agreement to settle Luciano's claims. On October 30, 2002, the bankruptcy court dismissed the claims remaining between Volvo and Crescent without prejudice for lack of subject matter jurisdiction, concluding that they were not "related to" the Luciano bankruptcy for the purposes of 28 U.S.C. § 1334(b). Neither Volvo nor Crescent appealed the bankruptcy court's order.

Instead, on November 13, 2002, Volvo filed the instant breach-of-contract case in district court, alleging 28 U.S.C. § 1332 diversity jurisdiction. The case went to trial, resulting in a jury verdict and final judgment, from which both Volvo and Crescent have appealed. At oral argument, Volvo brought the lack of diversity jurisdiction to the attention of this court and sought to amend the pleadings to cure this jurisdictional defect, as permitted by 28 U.S.C. § 1653, by invoking 28 U.S.C. § 1334(b)'s jurisdictional provision for "civil proceedings . . . related to cases under title 11." After a close review of the record, however, we conclude that there is no basis for federal jurisdiction in this case.

## II.

A federal court may examine its subject matter jurisdiction at any time during a case. Bass v. Denney (In re Bass), 171 F.3d 1016, 1021 (5th Cir. 1999). Whether a federal court has subject matter jurisdiction is a question of law that we review de novo. Gasch v. Hartford Accident & Indem. Co., 491 F.3d 278, 281 (5th Cir. 2007). This case proceeded in the district court under alleged diversity

jurisdiction. However, as Volvo suggested at oral argument, diversity jurisdiction is lacking because both parties are incorporated in Delaware. See 28 U.S.C. § 1332.

Volvo now seeks to alter the basis for federal jurisdiction pursuant to 28 U.S.C. § 1653, arguing that it is apparent from the face of its complaint that the federal forum is available in this case under 28 U.S.C. § 1334(b) because the claims are "related to" Luciano's bankruptcy proceedings. But the bankruptcy court decided this issue in a final, unappealed order, dismissing Volvo's third-party claim against Crescent without prejudice for lack of subject matter jurisdiction.

In light of the bankruptcy court's order, principles of collateral estoppel require the conclusion that there is no related-to-bankruptcy jurisdiction in this case. In any event, we agree with the bankruptcy court that the claims between Volvo and Crescent are not "related to" the Luciano bankruptcy under 28 U.S.C. § 1334(b).

As the bankruptcy court correctly set out, a "proceeding is related to a bankruptcy if the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy." In re Bass, 171 F.3d at 1022 (citations and internal quotation marks omitted); see also Celotex Corp. v. Edwards, 514 U.S. 300, 308 n.6 (1995). In other words, an "action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and . . . in any way impacts upon the handling and administration of the bankruptcy estate." In re Bass, 171 F.3d at 1022 (citations and internal quotation marks omitted). Further, related-to-bankruptcy jurisdiction does not exist "over proceedings that have no effect on the debtor." Walker v. Cadle (In re Walker), 51 F.3d at 569 (quoting Celotex, 514 U.S. at 308).

In In re Walker, we affirmed the district court's decision that neither it nor

3

the bankruptcy court had subject matter jurisdiction pursuant to 28 U.S.C. § 1334(b) over a third-party complaint in an adversary proceeding to determine whether the third-party defendant should be required to reimburse the defendant for any money found owing to the debtor. Id. We concluded that the defendant's claim against the third-party defendant had "no 'conceivable effect on the administration of the estate' nor would the outcome of that claim 'alter the debtor's rights, liabilities, options, or freedom of action.'" Id. We explained that it was "difficult to imagine that whether [the third-party defendant] should be required to reimburse [the defendant] for any money [the defendant] pays to [the debtor] could somehow affect the estate." Id.

In this case, Volvo settled Luciano's claims against it on January 9, 2000. The bankruptcy court subsequently dismissed Volvo's third-party complaint because "Volvo Truck's third-party claim against Crescent will not have any [e]ffect on the [d]ebtor's estate." Luciano Refrigerated Transp., Inc. v. Volvo Trucks N. Am., Inc., No. 99-1244, slip op. at 4 (Bankr. E.D. La. Oct. 30, 2002). We agree. As was the case in In re Walker, we cannot conceive of any way in which the determination of whether Crescent is liable to Volvo for breach of contract damages could possibly affect Luciano's bankruptcy estate or alter his "rights, liabilities, options, or freedom of action." Therefore, this case is not "related to" the Luciano bankruptcy for the purposes of 28 U.S.C. § 1334(b) subject matter jurisdiction.

## III. CONCLUSION

Consequently, we VACATE the judgment and REMAND to the district court with instructions to DISMISS the case without prejudice. Costs shall be borne by Volvo.