**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
August 31, 2011

Lyle W. Cayce
Clerk

No. 10-60996
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

LANCE A. D'ANDREA,

Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 1:08-CR-118-1

Before SMITH, BARKSDALE, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Lance A. D'Andrea appeals his jury conviction for using facilities in interstate commerce to attempt to persuade, induce, and entice a person he believed was a minor to engage in criminal sexual activity, in violation of 18 U.S.C. § 2422(b). An undercover law-enforcement officer posed as a 14-year-old girl (the minor). D'Andrea contends: the district court did *not* have subject-matter jurisdiction because D'Andrea's intrastate use of the Internet and cellular-telephone services did *not* satisfy the interstate nexus requirement of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should *not* be published and is *not* precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

§ 2422(b); and the evidence at trial about whether D'Andrea believed the minor to be younger than 18 years was insufficient to sustain the jury's verdict. Each claim fails.

To prove an attempt to violate § 2422(b), the Government must establish beyond a reasonable doubt that defendant *used a facility or means of interstate commerce* to intentionally "persuade, induce, entice, or coerce a person whom he believed to be a minor into illegal sexual contact and took a substantial step toward that persuasion or enticement". *United States v. Barlow*, 568 F.3d 215, 219-20 (5th Cir. 2009) (internal quotation marks, brackets, and citation omitted) (emphasis added). D'Andrea does not dispute that he used Yahoo Messenger and cellular-telephone text messaging to intentionally persuade, induce, and entice the minor to engage in sexual activity and that he took a substantial step toward that persuasion or enticement.

Before trial, D'Andrea moved to dismiss the indictment, asserting: the district court lacked jurisdiction because he communicated with the minor entirely within the state of Mississippi. The district court denied the motion, as well as when D'Andrea renewed it at trial.

A district court's determination of subject-matter jurisdiction is reviewed *de novo. E.g.*, *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007). The facility or means of interstate commerce provision is an element of the offense; but interstate communication is not required by the statute. Accordingly, D'Andrea's challenge to no evidence showing an interstate communication is irrelevant regarding jurisdiction. Likewise, his reliance on *United States v. Lopez*, 514 U.S. 549 (1995) is inapposite. *Lopez* concerned the constitutionality of a federal statute under the commerce clause, and D'Andrea has not challenged the constitutionality of § 2422(b).

Regarding his insufficient-evidence challenge, D'Andrea asserts: based on the evidence presented at trial, *no* rational jury could have found that he believed the minor was younger than 18 years. D'Andrea moved for a judgment

of acquittal at the close of the Government's case-in-chief and renewed the motion at the close of his case. Nevertheless, he failed to renew the motion after the Government presented its rebuttal witness, and he did *not* file a post-verdict motion. Therefore, the evidence is reviewed only to determine whether there has been "a manifest miscarriage of justice, which is found if the record is devoid of evidence pointing to guilt". *United States v. Green*, 293 F.3d 886, 895 (5th Cir. 2002) (citation and internal quotation marks omitted).

The record is *not* devoid of evidence that D'Andrea believed the minor was younger than 18 years. A Sheriff's Deputy testified that the minor's Yahoo Messenger profile stated she was 14 years old. Although D'Andrea disputed the Deputy's testimony on this point, and noted that Yahoo Messenger members had to be 18 years old to create a profile and enter a chat room, D'Andrea did not dispute that the minor told him repeatedly that she was 14 years old. Moreover, the chat and text-messaging transcripts offer *no* indication that D'Andrea believed he and the minor were role playing.

AFFIRMED.