# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

February 20, 2014

Lyle W. Cayce
Clerk

No. 13-20174
Summary Calendar

VADA DE JONGH,

Plaintiff - Appellant

v.

STATE FARM LLOYDS; DWIGHT JOHNSON,

Defendants - Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC. No. 4:12-CV-3703

Before WIENER, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:*

Vada de Jongh ("Jongh") appeals the district court's take-nothing judgment in favor of State Farm Lloyds ("State Farm") and Dwight Johnson ("Johnson") on her Texas state law claims. We VACATE the final judgment and REMAND with instruction to remand to state court.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-20174

## I.    Background

Jongh, a Texas resident, filed an original petition in the 149th Judicial District Court of Brazoria County, Texas, against State Farm Lloyds, Inc. ("Lloyds"), a Texas resident, and Johnson, also a Texas resident.  Jongh sought damages for breach of contract, breach of the duty of good faith and fair dealing, and violations of the Texas Insurance Code and the Texas Deceptive Trade Practices Act.  In her original petition, Jongh alleged that her home and property were damaged in a storm and that, thereafter, she filed a claim on her property insurance policy issued by Lloyds for the damages sustained.  She further alleged that Johnson, who was assigned as an individual adjuster on her claim, conducted a substandard investigation and inspection, prepared an incomplete report that omitted certain damages, and undervalued other damages.  Jongh asserted that, as the result of Johnson's investigation, she was underpaid on her claim.  She also claimed that Lloyds and Johnson performed an "outcome-oriented investigation" of her claim, which resulted in an inaccurate evaluation of her losses.

State Farm filed an answer, asserting that it had been "incorrectly named" as Lloyds.[1]  However, State Farm did not move to intervene or otherwise request that the state court substitute it as the proper party in interest.  One week later, State Farm removed the case to federal court on the basis of diversity of citizenship pursuant to 28 U.S.C. §§ 1332(a) & 1441(a).  In its notice of removal, it alleged that: (a) Jongh had improperly named Lloyds, instead of State Farm, as a defendant; (b) State Farm was a citizen of Illinois,

---

[1] State Farm and Lloyds are distinct legal entities.  State Farm sells insurance under a so-called "Lloyd's plan," which consists of a group of underwriters who combine to issue insurance through an attorney in fact—in this case, Lloyds.  *See* Tex. Ins. Code Ann. § 941.001.  "[T]he attorney in fact acts as an agent for the Lloyd's group." *Royal Ins. Co. of Am. v. Quinn-L Capital Corp.*, 3 F.3d 877, 882 (5th Cir. 1993) (emphasis omitted).  The attorney in fact does not bear risks and has no contractual relationship with the insured. *Id.*

2

No. 13-20174

Florida, and Pennsylvania; (c) Johnson had been improperly joined for the purpose of destroying federal diversity jurisdiction; and (d) complete diversity existed among the real parties in interest, namely State Farm and Jongh, and the amount in controversy exceeded $75,000 exclusive of interest and costs.

Although Jongh did not move to remand, the district court never dismissed Lloyds or Johnson. After a one-day bench trial, the district court entered a take-nothing judgment in favor of Johnson and State Farm; the final judgment did not address Lloyds. Jongh timely appealed.

## II.     Standard of Review

We review all questions of subject matter jurisdiction de novo. *See Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007). We may consider subject matter jurisdiction sua sponte, as "subject-matter delineations must be policed by the courts on their own initiative." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999).

Under 28 U.S.C. § 1441(a), any civil action brought in state court over which the federal courts have subject matter jurisdiction may be removed by a defendant to federal court. However, when, as in this case, subject matter jurisdiction is based on diversity of citizenship pursuant to 28 U.S.C. § 1332, a defendant may not remove a civil action from state court "if any of the parties in interest properly joined and served as defendants is a citizen of the State in which [the] action is brought." 28 U.S.C. § 1441(b)(2). The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper. *See Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). To determine whether jurisdiction is present for removal, we consider the claims in Jongh's original petition as they existed at the time of removal. *See id.* Any doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction. *See Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).

No. 13-20174

### III.    Discussion

Jongh asserts that the district court lacked subject matter jurisdiction for two related reasons.[2]  First, State Farm was not a party and, therefore, lacked the authority to remove this action to federal court.  Second, all of the actual parties in this action—Jongh, Lloyds, and Johnson—were Texas residents.

Under 28 U.S.C. § 1441(a), only a defendant may remove a civil action from state court to federal court.  A non-party, even one that claims to be a real party in interest, lacks the authority to institute removal proceedings.  *See Salazar v. Allstate Tex. Lloyd's, Inc.*, 455 F.3d 571, 575 (5th Cir. 2006) ("[W]here an entity has not properly been made a party in state court, removal jurisdiction cannot be premised on its presence in the action."); *Hous. Auth. of City of Atlanta, Ga. v. Millwood*, 472 F.2d 268, 272 (5th Cir. 1973) (holding that, where removal is initiated by a non-party, the district court is without subject matter jurisdiction).

Here, State Farm never became a party in this action.  Jongh did not name State Farm as a defendant in her original petition; although it asserted in its answer and notice of removal that Jongh incorrectly named Lloyds as a defendant, State Farm did not move to intervene or otherwise request that the district court substitute it as the proper party in interest.  Consequently, it lacked the authority to remove this action to federal court.  *See Salazar*, 455 F.3d at 575; *Millwood*, 472 F.2d at 272.

State Farm asserts that Jongh's identification of Lloyds in her original petition was analogous to a misnomer and that it is the correct defendant in

---

[2]    In her initial brief, Jongh focused on the question of whether Johnson was fraudulently joined.  It was not until her reply brief that she raised these points.  However, subject matter jurisdiction cannot be waived.  State Farm was permitted to file a supplemental brief addressing these arguments.

this action, as it issued Jongh's insurance policy and adjusted her claim.[3] *See Chilkewitz v. Hyson*, 22 S.W.3d 825, 828 (Tex. 1999) ("Misnomer arises when a plaintiff sues the correct entity but misnames it.").[4] Jongh disputes this characterization; she served notice of her original petition on Lloyds and continues to assert that her claim lies against Lloyds, not State Farm. It is axiomatic that Jongh "is the master of [her] complaint." *Elam v. Kansas City S. Ry. Co.*, 635 F.3d 796, 803 (5th Cir. 2011). Generally, federal courts permit

---

[3] State Farm asserts that Lloyds and Johnson are fraudulently joined defendants because Lloyds did not issue Jongh's insurance policy or adjust her claim and Johnson was, in fact, not the adjuster on Jongh's claim. However, fraudulent joinder does not apply here because Jongh did not sue even one diverse defendant. *See Salazar*, 455 F.3d at 574 (holding fraudulent joinder analysis inapplicable where plaintiff sued only a non-diverse defendant, because the plaintiff was not attempting to force any diverse defendants to remain in state court). "[A] meritless claim against an in-state defendant is not the equivalent of improper joinder." *Gasch*, 491 F.3d at 284; *Smallwood v. Ill. Cent. R. Co.*, 385 F.3d 568, 574–75 (5th Cir. 2004). Assuming arguendo that State Farm is correct about the merit of Jongh's claims against Lloyds and Johnson, this simply means that Jongh's claims will not succeed; it does not mean that Lloyds and Johnson are fraudulently joined defendants and that State Farm is, in fact, the true defendant to the action. *See Salazar*, 455 F.3d at 573–75; *Gasch*, 491 F.3d at 282–84; *Smallwood*, 385 F.3d at 574–75.

[4] The misnomer/misidentification dichotomy usually arises in cases involving whether the statute of limitations was tolled by filing suit against a party that is defectively named in some way. With a misnomer, the correct party, although misnamed, is served with notice of the suit; in that situation, limitations is tolled. *See Reddy P'ship/5900 N. Freeway LP v. Harris Cnty. Appraisal Dist.*, 370 S.W.3d 373, 376 (Tex. 2012). This is in contrast to a misidentification, which "arises when two separate legal entities actually exist and a plaintiff mistakenly sues the entity with a name similar to that of the correct entity." *Chilkewitz*, 22 S.W.3d at 828. A misidentification, unlike a misnomer, does not toll the statute of limitations. *See id.* at 830. However, an exception to this rule in the limitations context exists where "there are two separate but related entities that use a similar trade name and the correct entity had notice of the suit and was not misled or disadvantaged by the mistake." *Id.* Here, Jongh served Lloyds, not State Farm, with notice of the suit, so the rules regarding misidentification appear applicable. Because State Farm and Lloyds are separate but related entities that use a similar trade name and State Farm had notice of the suit and was not misled or disadvantaged by the mistake, one could argue that this case falls within the "misidentification exception" line of cases. However, critical to this analysis is the fact that Jongh—the author of the petition—disputes State Farm's assertion that she named Lloyds as a defendant in her original petition in error. Additionally, we are not here dealing with the issue of statute of limitations under state law but the question of whether State Farm was a party to the case who could remove the action under federal law.

plaintiffs to craft their complaints to avoid federal jurisdiction. *See id.* ("A plaintiff . . . may allege only state law causes of action, even when federal remedies might also exist."); *Standard Fire Ins. Co. v. Knowles*, 133 S. Ct. 1345, 1350 (2013) ("[F]ederal courts permit individual plaintiffs, who are the masters of their complaints, to avoid removal to federal court, and to obtain remand to state court, by stipulating to amounts at issue that fall below the federal jurisdictional requirement."). This includes a plaintiff's decision as to which parties to sue. *See Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 91 (2005) ("In general, the plaintiff is the master of the complaint and has the option of naming only those parties the plaintiff chooses to sue, subject only to the rules of joinder [of] necessary parties.") (citation and quotations omitted) (alteration in original). The district court lacked the authority to disregard Jongh's choice to sue Lloyds, not State Farm, and assert diversity jurisdiction. *See Salazar*, 455 F.3d at 575. In *Salazar*, we held, under facts nearly identical to those here, that a district court cannot "create removal jurisdiction based on diversity by substituting parties." *Id.* at 573.

State Farm never properly became a defendant and therefore lacked the authority to remove this action to federal court; moreover, the district court lacked subject matter jurisdiction because each of the proper parties in this action—Jongh, Lloyds, and Johnson—are Texas residents.[5]

Jongh requests that we make an award of costs and attorney's fees in her favor pursuant to 28 U.S.C. § 1447(c), which provides in relevant part: "An

---

[5] State Farm contends that, to the extent it erred in improperly removing the case to federal court as a non-party, such error is, at worst, a "procedural defect" that Jongh waived when she failed to move for remand within thirty days of removal. *See* 28 U.S.C. § 1447(c). We disagree. State Farm's removal of this case did not transform it into a party to the case. Thus, even if we overlook the impropriety of State Farm removing, when we analyze the parties to the case for diversity, we find all Texas citizens, such that we lack diversity jurisdiction.

order remanding the case may require payment of just costs and any actual expenses, including attorney fees, *incurred as a result of the removal.*" *Id.* (emphasis added).  An award under this section is limited "to fees and costs incurred in federal court that would not have been incurred had the case remained in state court." *Avitts v. Amoco Prod. Co.*, 111 F.3d 30, 32 (5th Cir. 1997).  The costs of opposing removal, seeking remand, or other expenses incurred as the result of the improper removal may be awarded, but not ordinary litigation expenses that would have been incurred had the action remained in state because such expenses are not incurred "as a result of the removal."  28 U.S.C. § 1447(c); *see Avitts*, 111 F.3d at 32.  Here, Jongh did not oppose removal or move to remand; she has also not offered any evidence that she incurred costs or expenses as a result of State Farm's improper removal.  Therefore, we decline to make such an award.

Because the district court lacked subject matter jurisdiction ab initio, we VACATE the final judgment in favor of State Farm and Johnson and REMAND to the district court with instructions to remand to state court.