# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 2, 2020

Lyle W. Cayce
Clerk

No. 20-20193

Perfecto Valencia,

*Plaintiff—Appellant*,

*versus*

Allstate Texas Lloyd's,

*Defendant—Appellee*.

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 4:19-cv-4595

Before Wiener, Southwick, and Duncan, *Circuit Judges*.

Per Curiam:

This interlocutory appeal stems from the district court's denial of Plaintiff-Appellant Perfecto Valencia's motion to remand. We reverse and remand with instruction to remand to state court.

## I. BACKGROUND

Valencia, a Texas resident, filed suit against Allstate Texas Lloyd's, Inc. ("Allstate Texas"), a Texas entity, in the 125th Judicial District Court of Harris County, Texas. Valencia alleged that Allstate Texas had issued a

No. 20-20193

homeowner's insurance policy to him covering real property located in Houston, Texas, and that the property sustained covered property damage in April 2015. Although the damage was reported and an insurance claim made, Allstate Texas allegedly failed to pay for the repairs for more than two years, during which time the property continued to suffer leaks that caused the growth of mold in the home. In October 2017, the property sustained further damage, the claim for which was denied in its entirety. Based on the foregoing factual allegations, Valencia sought damages for breach of contract and violations of the Texas Deceptive Trade Practices Act, the Texas Insurance Code, the Texas Business and Commerce Code, and the Texas Civil Practice and Remedies Code.

Allstate Texas Lloyds ("Allstate Illinois"),[1] rather than Allstate Texas, answered the petition and removed the case to federal court on the basis of diversity jurisdiction under 28 U.S.C. §§ 1332(a) and 1441(b). Allstate Illinois alleged that it was a citizen of Illinois for jurisdictional purposes and that the amount in controversy exceeded $75,000.

Valencia filed a motion to remand the matter to state court, contending that removal was improperly effectuated by a non-party to the case. Valencia explained that Allstate Illinois never claimed that it was misnamed or misidentified as Allstate Texas and never sought to join the case as a defendant, but rather unilaterally "changed the case caption without

---

[1] This case involves two distinct business entities with remarkably similar names: Allstate Texas Lloyds, Inc., and Allstate Texas Lloyds. To avoid confusion, this opinion refers to these parties with reference to their states of citizenship for jurisdictional purposes. Allstate Texas Lloyds, Inc., a Texas corporation, is referred to herein as "Allstate Texas." Allstate Texas Lloyds (without an "Inc."), an unincorporated association of individual underwriters who are all residents of Illinois, is referred to as "Allstate Illinois."

notifying the parties or the court" of its intention to defend the case. Valencia also stressed that diversity jurisdiction was lacking because the case, as originally filed, involved a plaintiff and a defendant with a common state of citizenship, viz., Texas. The motion was denied by the district court with little analysis. The district court subsequently denied Valencia's motion for reconsideration but certified the issue for interlocutory appeal under 28 U.S.C. § 1292(b). Valencia timely appealed.

## II. STANDARD OF REVIEW

Questions of subject matter jurisdiction are reviewed *de novo*. *See Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007). "The burden of establishing subject matter jurisdiction in federal court rests on the party seeking to invoke it." *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998).

Under 28 U.S.C. § 1441(a), a civil action brought in state court over which the federal courts have subject matter jurisdiction may be removed to federal court by a defendant. When, as here, the federal court's subject matter jurisdiction is based on diversity of citizenship under 28 U.S.C. § 1332, removal is inappropriate "if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). Additionally, diversity of citizenship must exist at the time of removal. *Texas Beef Grp. v. Winfrey,* 201 F.3d 680, 686 (5th Cir. 2000). "Because removal raises significant federalism concerns, the removal statute is strictly construed 'and any doubt as to the propriety of removal should be resolved in favor of remand.'" *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008) (quoting *In re Hot–Hed, Inc.*, 477 F.3d 320, 323 (5th Cir. 2007)).

No. 20-20193

## III. ANALYSIS

Valencia contends that the district court lacked subject matter jurisdiction because (1) Allstate Illinois was not a party to the case and therefore lacked authority to remove it to federal court, and (2) the actual parties—Valencia and Allstate Texas—are both Texas citizens. In contrast, Allstate Illinois maintains that it had authority to remove the case to federal court because it was a proper party in interest but had merely been misnamed or misidentified as Allstate Texas in Valencia's petition.

The operative question is whether Allstate Illinois had the authority to remove this case to federal court. It did not: The law is clear that a case filed in state court may be removed to federal court only by "the defendant or the defendants." 28 U.S.C. § 1441(a). A non-party, even one that claims to be the proper party in interest, is not a defendant and accordingly lacks the authority to remove a case. *See Salazar v. Allstate Tex. Lloyd's, Inc.*, 455 F.3d 571, 575 (5th Cir. 2006) ("[W]here an entity has not properly been made a party in state court, removal jurisdiction cannot be premised on its presence in the action."); *F.D.I.C. v. Loyd*, 955 F.2d 316, 326 (5th Cir. 1992) ("Common sense and the practicalities of pleading dictate that no non-party to a state court proceeding has a mature right to remove that proceeding to federal court."); *Hous. Auth. of City of Atlanta, Ga. v. Millwood*, 472 F.2d 268, 272 (5th Cir. 1973) (holding that district court lacked subject matter jurisdiction over a matter removed by a non-party).

At the time of removal, the only defendant in the case was Allstate Texas. Allstate Illinois never sought to intervene in the case or to be joined as a defendant. Neither did Allstate Texas ever contend that it had been erroneously named in the matter. As a non-party, Allstate Illinois did not

4

have the right to remove the case to federal court; diversity jurisdiction cannot be premised on its actions.

This is not the first time this court has addressed whether diversity jurisdiction can be created by the substitution of parties. In *Salazar v. Allstate Texas Lloyd's, Inc.*, a Texas resident filed suit against Allstate Texas Lloyd's, Inc. 455 F.3d at 572. Despite sharing a state of citizenship with the plaintiff, Allstate Texas Lloyd's, Inc., removed to federal court on the basis of diversity jurisdiction, claiming that the proper party in interest was Allstate Texas Lloyds (without an "Inc."), an Illinois citizen. *Id.* In federal court, Allstate Texas Lloyd's, Inc., filed motions to join Allstate Texas Lloyds as a defendant and dismiss the claims against Allstate Texas Lloyds, Inc. The district court granted these motions, leaving Allstate Texas Lloyds as the sole defendant in the case. *Id.*

On appeal, this court held that the district court lacked subject matter jurisdiction because "the suit, as removed, was between two nondiverse parties," *id.* at 575, and because a district court cannot "create removal jurisdiction based on diversity by substituting parties," *id.* at 573. The district court thus erred in dismissing the originally-named Allstate Texas Lloyd's, Inc., "a nondiverse in-state defendant[,] and replacing it with a diverse foreign defendant, where the nondiverse in-state defendant was the only named defendant in the action when the suit was removed." *Id.* at 573.

Although unpublished, our decision in *De Jongh v. State Farm Lloyds* is even more on point.[2] In *De Jongh*, the plaintiff sued the non-diverse State Farm Lloyds, Inc., but State Farm Lloyds (without an "Inc.") answered the

_____

[2] Allstate Illinois makes no attempt to distinguish *De Jongh* and instead merely stresses that the case is unpublished and non-precedential.

complaint, alleging that it had been incorrectly named as State Farm Lloyds, Inc., and removed the matter to federal court. 555 F. App'x 435, 436 (5th Cir. 2014). The plaintiff never sought remand but appealed the final judgment on the grounds that the district court lacked subject matter jurisdiction. *Id.* Recognizing that a plaintiff is "the master of [her] complaint," this court held that State Farm Lloyds lacked the authority to remove the case because it never sought to intervene or otherwise be substituted as the defendant and that the district court was not authorized to disregard plaintiff's decision to sue State Farm Lloyds, Inc. rather than State Farm Lloyds. *Id.* at 437 (alteration in original) (quoting *Elam v. Kansas City S. Ry. Co.*, 635 F.3d 796, 803 (5th Cir. 2011)). Because State Farm Lloyds lacked removal authority and the proper parties to the action were all Texas residents, this court remanded the matter to the district court with instructions to remand to state court for lack of subject matter jurisdiction. *Id.* at 439.

To avoid the same conclusion here, Allstate Illinois argues that it was a proper party to the action as originally filed because it had been misnamed or alternatively misidentified as Allstate Texas in Valencia's state court petition. Specifically, Allstate Illinois contends that it issued the policy and adjusted and investigated Valencia's claim.

These arguments are unavailing. A *misnomer* exists when a plaintiff sues the correct entity under a mistaken name; a *misidentification* "arises when two separate legal entities actually exist and a plaintiff mistakenly sues the entity with a name similar to that of the correct entity." *See Chilkewitz v. Hyson*, 22 S.W.3d 825, 828 (Tex. 1999). Here, Valencia named Allstate Texas in his petition and served Allstate Texas through its registered agent as confirmed by the Texas Secretary of State's records. It is Allstate Texas, not Allstate Illinois, that Valencia maintains he intended to sue and from which to seek recovery. A misnomer does not exist under these facts.

No. 20-20193

Moreover, even if Valencia had *misidentified* Allstate Texas Lloyds, Inc., such misidentification would not justify Allstate Illinois' unilateral action in this case. There are circumstances in which a misidentification may be overlooked, e.g., when "there are two separate but related entities that use a similar trade name and the correct entity had notice of the suit and was not misled or disadvantaged by the mistake." *Id.* at 830. But such circumstances concern questions about the statute of limitations that are not relevant here.[3] More importantly, Valencia vigorously disputes the assertion that he meant to sue Allstate Illinois. As the "master of his complaint," *Elam*, 635 F.3d at 803, Valencia was free to craft his lawsuit in a manner that avoids federal jurisdiction and to live with the consequences of that decision.

Allstate Illinois was not a defendant in this case as originally filed and did not become a defendant through proper means. It therefore lacked the authority to remove the suit to federal court. Neither did the district court have subject matter jurisdiction over the case when it denied Valencia's motion to remand because the only parties to the case at the time of removal—Valencia and Allstate Texas Lloyds, Inc.—were both Texas residents.

We REVERSE the denial of Valencia's motion to remand and REMAND this action to the district court with instruction to remand to state court.

---

[3] Allegations of misnomers and misidentifications typically arise in the context of the statute of limitations because a misnomer tolls the statute of limitations while a misidentification generally does not. *See Chilkewitz*, 22 S.W.3d at 830.