KING, P.J., for the court:
¶ 1. On May 16, 1991, Mrs. Jessie Wright filed a lawsuit against Paul Moak Pontiac, Inc. (Paul Moak) and Volvo Cars of North America (Volvo) for breach of warranty in the County Court of Hinds County, Mississippi. The county court granted a summary judgment in favor of Paul Moak and dismissed the action. Mrs. Wright appealed that decision to the Circuit Court of Hinds County, where it was affirmed. Aggrieved by that judgment, Wright has appealed and assigned the following as error:
Whether the trial court erred in granting summary judgment, finding that an automobile dealer is not liable for any breach of express warranty made by the manufacturer at the time of sale.
¶ 2. Finding no reversible error, this Court affirms.
FACTS
¶ 3. On June 12, 1986, Wright purchased a 1986 Volvo 240 DL from Paul Moak Pontiac, Inc. This vehicle carried a three-year express warranty on its engine. This warranty was from Volvo, the manufacturer of the vehicle.
¶ 4. On April 16, 1989, the engine failed and caused serious damage to the vehicle. Wright returned the vehicle to Paul Moak and demanded that it be repaired under the warranty provided by Volvo. Volvo refused to honor the warranty. Paul Moak did not repair the vehicle under the express warranty since Volvo would not honor the warranty. However, Paul Moak did give Wright an estimate of what the repairs would cost (outside the warranty) if performed by his dealership. Believing this action to be in violation of the express warranty, Mrs. Wright filed this action.
ISSUE
Whether the trial court erred in granting summary judgment, finding that an automobile dealer is not liable for any breach of express warranty made by the manufacturer at the time of sale.
¶ 5. Wright contends that Paul Moak used the express warranty issued by Volvo as an enticement for the purchase of the vehicle. Accordingly, she reasons this warranty became a part-of the sales contract between Wright and Paul Moak and bound it to the express warranty.
¶ 6. Additionally, Wright argues that Paul Moak should be held to an express warranty pursuant to section 75-2-313(1) of the Mississippi Code of 1972, which states:
(1) Express warranties by the seller are created as follows:
(a) Any affirmation of fact or promise made by the seller to the buyer *202 which relates to the goods and becomes part of the basis of the bargain creates an express warranty that the goods shall conform to the affirmation or promise.
(b) Any description of the goods which is made a part of the basis of the bargain creates an express warranty that the goods shall conform to the description.
¶ 7. There is no question that Paul Moak used the warranty as an inducement to purchase a car. However, the question faced by this Court is: does the record contain any evidence to suggest that Paul Moak, while using the warranty as a sales tactic, embraced that warranty in any capacity other than as an agent of Volvo? The answer to this question is no.
¶ 8. The standard employed by this Court in reviewing the granting or denying of summary judgment is the same standard as is employed by a trial court under M.R.C.P. 56(c). Richmond v. Benchmark Const. Corp., 692 So.2d 60, 61 (Miss.1997). This Court conducts a de novo review of orders granting or denying summary judgment and examines all the evidentiary matters before it. Id. Having conducted that review, this Court finds no dispute of material fact which should have precluded the entry of summary judgment.
¶ 9. Therefore, this Court affirms the decision of the lower court.
¶10. THE JUDGMENT OF THE CIRCUIT COURT OF HINDS COUNTY GRANTING SUMMARY JUDGMENT IN FAVOR OF THE APPELLEE IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., SOUTHWICK, P.J., PAYNE, THOMAS, LEE, IRVING, MYERS and CHANDLER, JJ., concur. BRIDGES, J., dissents without written opinion.