882 So.2d 235 (2004)
Debbie NOAH, Individually and on Behalf of the wrongful death beneficiaries of Lindsay McElroy, Appellants,
v.
GENERAL MOTORS CORPORATION, Kelsey-Hayes Company and Delta Chevrolet-Olds Cadillac Company, Appellees.
No. 2001-CA-01260-COA.
Court of Appeals of Mississippi.
March 9, 2004.
Rehearing Denied June 22, 2004.
Certiorari Denied September 9, 2004.
*236 Rayford G. Chambers, Jackson, Charles Victor McTeer, Greenville, Tom P. Calhoun, Greenwood, John F. Hawkins, Jackson, attorneys for appellants.
Gene D. Berry, Jackson, Paul V. Cassisa, Oxford, Alix Henry Sanders, Greenwood, Lee Davis Thames, Jackson, Edward M. Kronk, attorneys for appellees.
Before SOUTHWICK, P.J., THOMAS and GRIFFIS, JJ.
THOMAS, J., for the Court.
¶ 1. Debbie Noah appeals the Leflore County Circuit Court jury verdict in favor of the appellees in this wrongful death and product liability suit filed following the death of Noah's daughter, Lindsay McElroy. Noah urges one error on appeal:
WHETHER THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN PROHIBITING THE USE BY PLAINTIFFS AT TRIAL OF OTHER SIMILAR INCIDENT EVIDENCE AND/OR IN PROHIBITING QUESTIONING OF DEFENSE EXPERT WITNESSES REGARDING OTHER SIMILAR ACCIDENTS AND CONSUMER REPORTS FOR PURPOSES OF IMPEACHMENT, TO DEMONSTRATE KNOWLEDGE OF DEFENDANTS AND/OR FORESEEABILITY OF THE UNREASONABLY DANGEROUS CONDITION OF THE SUBJECT VEHICLE AND ITS BRAKING COMPONENTS.
¶ 2. We do find the trial court erred in its apparent reasoning for excluding the reports of prior accidents but exclusion was otherwise proper. We therefore affirm the jury verdict.

FACTS
¶ 3. On the night of May 24, 1998, fifteen year-old Lindsay McElroy and her sixteen year-old companion, Jenna Pittman, nee Williamson, were using Lindsay's mother's 1995 Chevrolet Blazer. Lindsay was driving the vehicle, which had an anti-lock brake system. After driving through the city of Greenwood for some time, the girls decided to drive to the nearby town of Schlater to attend a party given by a classmate.
*237 ¶ 4. On the way to Schlater, Lindsay drove through a stop sign, hit some gravel on the side of the road and veered in the other direction. The Blazer flipped several times before coming to rest. Lindsay was ejected from the vehicle and killed. Jenna, who had suffered minor injuries, ran for help.
¶ 5. In November 1999, Lindsay's mother, Debbie Noah, filed suit against General Motors Corporation, Kelsey-Hayes Company, the manufacturer of the anti-lock brakes system (ABS), and Delta Chevrolet-Olds Cadillac Company, the dealer who sold the Blazer to Noah and her husband (collectively referred to as GMC). The complaint alleged defective design of the ABS, failure to properly warn of known problems with the ABS, negligence, breach of express and implied warranties, misrepresentation, fraud and concealment. The specific flaw alleged by the plaintiff was a defect which allowed debris to collect in the brake system and cause intermittent brake failure. The brake pedal would go all the way to the floor without stopping the vehicle. Noah claims it was this pedal-to-the-floor failure which caused her daughter to be unable to bring the Blazer to a stop on the night of her death.
¶ 6. Prior to trial, the appellees filed motions in limine to exclude reports of prior incidents provided to Noah in discovery by GMC. The reports were generated by GMC in response to consumer notices of perceived brake failures-consumers called GMC customer services to complain and a report file was opened. An extensive hearing was had on the matter. Counsel for GMC argued the reports were inadmissible as hearsay but, more importantly, the prior incidents were not substantially similar in nature because none of them contained a claim of ABS contamination as the cause of the alleged brake failure. It was also argued that similarity of conditions could never be established because factors such as amount of brake fluid in each complainant's vehicle, air pressure in tires, repair history, and so on, could not be established.
¶ 7. Noah argued the prior incidents as reported to GMC were substantially similar because they all involved Chevrolet Blazers with the same model of Kelsey-Hayes anti-lock brakes installed and driven in similar weather circumstances, although at a variety of speeds. The reports were excluded from evidence. The jury subsequently found in favor of GMC and Noah then perfected an appeal to this Court.

ANALYSIS
¶ 8. We are greatly hindered in our review of the issue by the trial court's failure to fully articulate the basis in law and fact upon which it found the reports of prior accidents inadmissible. The transcript reveals a passing reference made at a bench conference by the court that it had excluded the reports because of Noah's failure to show the prior incidents were substantially similar to events of the night Lindsay McElroy died. Given this void, we must assume the court found the arguments of GMC persuasive. Those arguments were incorrect. However, as discussed below, the outcome was accurate.
¶ 9. In Mississippi, evidence of prior accidents has long been admissible in state courts for certain reasons. S.H. Kress & Co. v. Markline, 117 Miss. 37, 47, 77 So. 858 (1918). The evidence may be admitted for the purpose of showing the existence of a dangerous condition. Illinois Cent. R.R. Co. v. Williams, 242 Miss. 586, 605, 135 So.2d 831, 839 (1961). It may also be admitted to show "plan, notice or knowledge of a danger...." Hartford Ins. Group v. Massey, 216 So.2d 415, 417 (Miss.1968). Before such evidence may be admitted, *238 even for the two permissible reasons, it must first be shown the prior incidents occurred under substantially similar conditions. Parmes v. Illinois Cent. R.R., 440 So.2d 261, 265 (Miss.1983).
¶ 10. In her complaint, Noah alleged GMC failed to warn of known problems with the brakes at the time the Blazer was purchased and at the time of her own complaints about brake problems prior to the fatal wreck. Thus, evidence of similar accidents was relevant for the purpose of showing notice of a possible defect. To that end, Noah attempted to introduce an abstract of fifty-three reports made by consumers to GMC claiming pedal-to-the-floor ABS failures.[1]
¶ 11. GMC argued, and the court apparently accepted, that Noah could not show the prior accidents occurred under substantially similar conditions since none of the reports contained claims of contamination in the brake line causing brake failure. The reports also did not contain necessary information for making similarity comparisons, such as the amount of brake fluid in each vehicle, the state of repair of brake pads and drums, and the mileage of each vehicle. Finally, GMC argued the reports contained inadmissible hearsay.
¶ 12. The arguments by GMC with respect to substantial similarity incorporate an element never before required in this state: that the specific technical defect claimed in litigation must also be articulated in the evidence of prior accidents before they may be deemed substantially similar. Presuming this was the trial court's basis for excluding the evidence, it was erroneous.
¶ 13. What the court must decide is whether the conditions, or circumstances, of prior incidents were substantially similar. In instances of an alleged defective appliance, that review would look to the conditions of use of the appliance. The reports of prior incidents all involved the same model of Kelsey-Hayes anti-lock brakes and same model of General Motors vehicle. The court should have reviewed the conditions surrounding the use of that integrated product-the road conditions, weather conditions, whether obstructions existed, speed of the vehicle, and so on and so forth. The reports did include all of this information, as well as an assessment of certain other characteristics of the vehicles such as the tire conditions. There was more than sufficient information provided to allow a proper comparison of the circumstances surrounding each. Had that comparison been made, without the improper consideration, no doubt the court would have found the prior incidents were substantially similar.
¶ 14. One case issued by the Fifth Circuit would appear to support the position of GMC and Kelsey-Hayes that substantial similarity must include substantially similar assignments of causation, e.g., contamination of the brake line. Johnson v. Ford Motor Co., 988 F.2d 573 (5th Cir.1993). In that case, the Fifth Circuit stated, "None of the other alleged accidents at issue appear to have involved the precise mechanical defect alleged by Johnson." Id. at 579. This was not specifically a holding by that court as it was not an issue in that case. We do not believe the Fifth Circuit was attempting to make any statement as to the law of substantial similarity but rather simply made a broad, perhaps too broad, statement of the facts of the case before it. To the extent that it may be construed as a statement of Mississippi law, it is an incorrect one. The opinion *239 cites no authority for any interpretation of the statement. As noted above, this State has never required prior accidents to assert the precise mechanical defect as a condition in assessing substantial similarity.[2]
¶ 15. The question remaining is whether or not the exclusion of the reports was reversible error. Ordinarily, the standard of review on questions of admissibility of evidence is that of abuse of discretion. Thompson Mach. Commerce Co. v. Wallace, 687 So.2d 149, 152 (Miss.1997). However, when, as here, the trial court applies an erroneous legal standard to the facts, we then undertake a de novo review of the case. Par Industries, Inc. v. Target Container Co., 708 So.2d 44, 47(¶ 5)(Miss.1998).
¶ 16. The complaint alleges two points in time when Noah feels she was owed a warning, prior to the purchase of the vehicle and after she began experiencing brake problems with the Blazer. She argues in the complaint that had GMC warned her at either point, her daughter's death could have been avoided.
¶ 17. Of the reports in the record, only two dealt with complaints of similar brake failure prior to the time the Noahs purchased the vehicle. This is an inadequate number of similar incidents to charge the defendants with notice of a potential defect. Two may have been sufficient if only a handful of vehicles had been produced and thus two accounted for a significant proportion of the whole. That, though, is not the case. The introduction of such evidence would have been more prejudicial than probative.
¶ 18. With respect to what GMC may have learned in the three-year interval between the purchase of the vehicle and Lindsay McElroy's death, we look to statutory law. The Mississippi Product Liability Act speaks only of dangers known as of the time the product leaves the control of the manufacturer or seller. Miss.Code Ann. § 11-1-63(a) (Rev.2002). Creating a post-sale duty to warn appears to conflict with the language of this statute. The legislature has not revised the statute in question and in the absence of such revision, we will not now create a post-sale duty to warn. Even were the defendants aware of allegations of brake failure, they were under no duty to disclose them. Under the circumstances, admission of the prior incident reports occurring after the date of sale would likewise have been more prejudicial than probative.
¶ 19. The final point we shall briefly address is the question of hearsay as submitted by the appellees and argued at the hearing on the motions in limine. Hearsay is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted. M.R.E. 801(c). The statements contained within the proffered reports were not being offered for the truth of the matter asserted therein. Plaintiff made no argument the contents of the reports were truthful. They were offered to show GMC was aware the reports had been made. While the distinction between these two purposes often blurs, the reports were nonetheless not hearsay to which the exclusionary rules would apply.
¶ 20. THE JUDGMENT OF THE LEFLORE COUNTY CIRCUIT COURT IS *240 AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANTS.
McMILLIN, C.J., KING, P.J., BRIDGES, LEE, IRVING, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR. SOUTHWICK, P.J., CONCURS IN RESULT ONLY.
NOTES
[1] Plaintiff's brief references fifty-four reports and the abstract thereof proffered to the trial court, but only fifty-three were included in the record.
[2] The appellants cite a great many cases which hold a party is required to establish prior incidents must have designated the same specific technical flaw before they may be held substantially similar to the case at hand. Those cases, however, are based upon the law of other jurisdictions and thus inapplicable.