# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2015-CA-01293-COA

KENT HOLIFIELD AND LAURIE HOLIFIELD          APPELLANTS

v.

CITY SALVAGE, INC.          APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 08/11/2015 |
| TRIAL JUDGE: | HON. WAYMAN DAL WILLIAMSON |
| COURT FROM WHICH APPEALED: | JONES COUNTY CIRCUIT COURT, SECOND JUDICIAL DISTRICT |
| ATTORNEY FOR APPELLANTS: | STEPHEN W. MULLINS |
| ATTORNEYS FOR APPELLEE: | EDWARD C. TAYLOR JOSHUA POWELL GARROTT KATIE RYAN VAN CAMP |
| NATURE OF THE CASE: | CIVIL - TORTS OTHER THAN PERSONAL INJURY AND PROPERTY DAMAGE |
| TRIAL COURT DISPOSITION: | SUMMARY JUDGMENT FOR APPELLEE |
| DISPOSITION: | AFFIRMED - 02/28/2017 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE IRVING, P.J., FAIR AND WILSON, JJ.**

**WILSON, J., FOR THE COURT:**

¶1.     This appeal involves homeowners' claims against a building materials supplier that sold defective Chinese drywall that was used in the construction of their home.  The circuit court granted summary judgment for the supplier based on the "innocent seller" provision of the Mississippi Products Liability Act (MPLA).  Miss. Code Ann. § 11-1-63(h) (Rev. 2014).  The circuit court correctly concluded that, as a matter of law, the supplier was an "innocent seller" within the meaning of the MPLA.  Therefore, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2.	In April 2006, the M/V *Sanko Rally* departed from port in Qingdao, China, with a large cargo of Chinese drywall.  The *Sanko Rally* encountered rough seas, and upon arrival in Pensacola, Florida, about fifty-five percent of its cargo was deemed damaged.  The drywall manufacturer's insurer sold some part of the drywall to Pensacola Stevedore Company, which resold some part to third-party defendant Gulf Coast Shelter Inc. ("Gulf Coast").  Between 2006 and 2008, Gulf Coast resold some of the drywall to defendant-appellee City Salvage Inc., a building materials supplier in Laurel.  In 2008, City Salvage resold some of the drywall to defendant Ronny Hill Construction Inc. ("Ronny Hill"), a contractor in Laurel.  Ronny Hill used some of the drywall in a home that it built for plaintiffs Kent and Laurie Holifield.

¶3.	In October 2011, the Holifields discovered that the drywall in their home was made in China.  The Holifields allege that their drywall exhibits defects now known to be common in drywall manufactured in China during the relevant period, i.e., it contains elevated levels of sulfur and other substances, which result in the emission of smelly gasses that corrode copper piping and wiring and can cause serious health problems.  *See In re Chinese Manufactured Drywall Prods. Liab. Litig.*, 706 F. Supp. 2d 655, 663-66 (E.D. La. 2010).  In March 2013, the Holifields filed a "shotgun complaint,"[1] asserting numerous claims against Ronny Hill, City Salvage, and unknown manufacturers and distributors of the drywall.  In June 2013, City Salvage answered and filed a third-party complaint against Gulf Coast, in

_____

[1] *See, e.g.*, *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1320-23 (11th Cir. 2015); *Paylor v. Hartford Fire Ins.*, 748 F.3d 1117, 1125-28 (11th Cir. 2014).

which it alleged that it had no knowledge of the alleged defects in the drywall and that it was entitled to indemnification from Gulf Coast for any liability to the Holifields.

¶4.     On April 24, 2015, City Salvage moved for summary judgment, arguing that it was immune from liability as an "innocent seller" pursuant to the MPLA.  On July 23, 2015, the Holifields filed their response in opposition to City Salvage's motion, and a hearing on the motion was held on July 27, 2015.  The circuit court ruled that City Salvage was an "innocent seller" under the MPLA, granted summary judgment for City Salvage, and certified its ruling as final pursuant to Mississippi Rule of Civil Procedure 54(b).  This appeal followed.

## DISCUSSION

### I.     Standard of Review

¶5.     "We review the grant or denial of a motion for summary judgment de novo, viewing the evidence in the light most favorable to the party against whom the motion has been made." *Karpinsky v. Am. Nat'l. Ins.*, 109 So. 3d 84, 88 (¶9) (Miss. 2013) (quotation marks omitted).  Summary judgment "shall be rendered . . . if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." M.R.C.P. 56(c). "Numerous[,] immaterial facts may be controverted, but only those that affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Summers ex rel. Dawson v. St. Andrew's Episcopal Sch.*, 759 So. 2d 1203, 1208 (¶12) (Miss. 2000) (quotation marks omitted).  In addition, the nonmovant "may not rest upon the mere allegations or denials of his pleadings,

but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." M.R.C.P. 56(e).

## II. Innocent Seller Exemption

¶6. The MPLA's "innocent seller" provision, Miss. Code Ann. § 11-1-63(h), states:

> In any action alleging that a product is defective . . . , the seller . . . of a product other than the manufacturer shall not be liable unless [(1)] the seller . . . exercised substantial control over that aspect of the design, testing, manufacture, packaging or labeling of the product that caused the harm for which recovery of damages is sought; or [(2)] the seller . . . altered or modified the product, and the alteration or modification was a substantial factor in causing the harm for which recovery of damages is sought; or [(3)] the seller . . . had actual or constructive knowledge of the defective condition of the product at the time he supplied the product. It is the intent of this section to immunize innocent sellers who are not actively negligent, but instead are mere conduits of a product.

¶7. In support of its motion for summary judgment, City Salvage submitted an affidavit from its president and owner stating that City Salvage had no knowledge of the dangerous and defective properties of drywall manufactured in China when it sold the drywall at issue to Ronny Hill. In addition, at the hearing on City Salvage's motion for summary judgment, the Holifields clearly and expressly disavowed any allegation that City Salvage knew or should have known of the defective properties of the Chinese drywall related to its chemical composition.[2] Thus, the Holifields have conceded that City Salvage did not have actual or

---

[2] For instance, counsel stated: "Can I concede some things and try to make it easier? . . . I'm not alleging that they should have known [of the problems with Chinese drywall]. Our allegation is that they knew it was salvaged and they failed to disclose that. . . . I don't think that they knew . . . [of] the defective nature of Chinese drywall at that time." Counsel subsequently reiterated that there was no evidence that City Salvage had knowledge of the drywall's alleged defects and stated: "City Salvage would have had no direct knowledge of the Chinese drywall emitting sulphuric compounds at the time."

4

constructive knowledge of the defects alleged in the complaint.[3] Nonetheless, the Holifields argue that City Salvage is not an innocent seller because, allegedly, City Salvage knowingly sold "salvaged" or "damaged" drywall as "new."[4] However, this allegation fails to bring the case within any of the three exceptions to the MPLA's innocent seller provision.

¶8.     First, even if we assume that City Salvage made some representation regarding the drywall that could be characterized as "packaging or labeling . . . the product," its alleged "packaging or labeling" of the drywall as "new" is *not* an "aspect of the . . . packaging or labeling of the product that caused the harm for which recovery of damages is sought." Miss. Code Ann. § 11-1-63(h). The drywall is defective because of its chemical makeup, and the Holifields seek to recover damages for alleged corrosion of piping and wiring in their home and harm to their health. The alleged "packaging or labeling" of the drywall as "new" has nothing to do with its defective properties or the alleged harm to the Holifields.

¶9.     Second, for essentially the same reason, even if the alleged sale of the drywall as

---

[3] The Holifields have directly contradicted this concession on appeal and now argue that there is a "significant possibility" that City Salvage had actual or constructive knowledge of the defects in the drywall. However, they waived this argument by their clear concession in the circuit court. *See, e.g.*, *City of Hattiesburg v. Precision Constr. LLC*, 192 So. 3d 1089, 1093 (¶18) (Miss. Ct. App. 2016) (it is a "long-established rule" that issues not raised in the circuit court will not be considered on appeal); *Washington v. Tem's Junior Inc.*, 981 So. 2d 1047, 1050 (¶10) (Miss. Ct. App. 2008) (a point conceded in the circuit court may not be relitigated on appeal).

[4] Some of the drywall that City Salvage purchased from Gulf Coast was not damaged, and City Salvage denies that the drywall that it sold to Ronny Hill was damaged. In the circuit court, counsel for the Holifields conceded that he did not know whether the drywall sold to Ronny Hill was damaged, but he argued that City Salvage should have disclosed that the drywall was "salvaged" even if it was not damaged. Whether the drywall was damaged or only salvaged is not material for purposes of summary judgment.

5

"new" somehow amounted to an "alteration or modification" of the product, the alleged alteration or modification was not "a substantial factor in causing the harm for which recovery of damages is sought." *Id.* Again, the harms that the Holifields allege and the damages that they seek to recover are related to the original, as-manufactured chemical composition of all Chinese drywall, not any damage that may have occurred during the shipping of the particular drywall installed in their home.

¶10. Third, City Salvage's knowledge that the drywall was salvaged is not the same as "knowledge *of the defective condition of the product*." *Id.* (emphasis added). There is no claim or evidence that the drywall was defective because it was salvaged. The defective condition is the drywall's original chemical makeup. As the Holifields candidly admitted in the circuit court, there is no evidence that City Salvage knew or should have known of that defect. Accordingly, we agree with the circuit court that City Salvage is entitled to summary judgment because the innocent seller provision applies as a matter of law.

### III. Other Claims and Request for Additional Discovery

¶11. On appeal, the Holifields briefly argue that the innocent seller provision of the MPLA does not apply to their implied warranty claims. They made the same assertion in cursory fashion in the circuit court. At the time the Holifields' claim accrued and when their complaint was filed, the MPLA applied "in any action for damages caused by a product except for commercial damage to the product itself." Miss. Code Ann. § 11-1-63 (Supp. 2013). The Legislature subsequently amended this provision to clarify the MPLA's scope. As amended, it is clear that the MPLA applies "in any action for damages caused by a

6

product, *including, but not limited to, any action based on a theory of strict liability in tort, negligence or breach of implied warranty.*" 2014 Miss. Laws ch. 383, § 1 (H.B. 680) (Supp. 2013). The amendment was effective July 1, 2014, *id.* § 2, after the Holifields filed their complaint. The Holifields argue that the amendment does not apply to their case, and they note that the Mississippi Supreme Court previously held that the MPLA "does not abrogate a statutory cause of action for breach of implied warranty as grounds for recovery." *McKee v. Bowers Window & Door Co.*, 64 So. 3d 926, 940 (¶42) (Miss. 2011) (alteration omitted) (quoting *Bennett v. Madakasira*, 821 So. 2d 794, 808 (¶52) (Miss. 2002), *abrogated on other grounds by Hutzel v. City of Jackson*, 33 So. 3d 1116 (Miss. 2010)).

¶12. Assuming that the issue is preserved for appeal, it is without merit. The Holifields are correct that, at the time their claim accrued and their complaint was filed, the MPLA did not completely "abrogate" a claim for breach of implied warranty. But even then, the provisions of the MPLA—including the innocent seller provision—broadly applied "in any action for damages caused by a product except for commercial damage to the product itself." Miss. Code Ann. § 11-1-63 (Supp. 2013). Thus, an implied warranty claim such as the Holifields' is subject to the innocent seller provision. The United States Court of Appeals for the Fifth Circuit and several federal district judges have all reached the same conclusion on this issue. *See Murray v. Gen. Motors LLC*, 478 F. App'x 175, 180 (5th Cir. 2012); *Thomas v. FireRock Prods. LLC*, 40 F. Supp. 3d 783, 791 (N.D. Miss. 2014) (Brown, J.); *Gross v. Baltimore Aircoil Co.*, No. 3:13-cv-423-DPJ-FKB, 2014 WL 1153706, at *8 (S.D. Miss. Mar. 21, 2014) (Jordan, J.); *Gardner v. Cooksey*, No. 2:11-cv-255-KS-MTP, 2012 WL 968026, at *3-*4

(S.D. Miss. Mar. 21, 2012) (Starrett, J.); *Jenkins v. Kellogg Co.*, No. 4:08-cv-121-P-S, 2009 WL 2005162, at *4 (N.D. Miss. July 6, 2009) (Pepper, J.); *Land v. Agco Corp.*, No. 1:08-cv-012, 2008 WL 4056224, at *3 (N.D. Miss. Aug. 25, 2008) (Mills, C.J.); *Willis v. Kia Motors Corp.*, No. 2:07-cv-62-P-A, 2007 WL 1860769, at *3 (N.D. Miss. June 26, 2007) (Pepper, J.); *Jones v. Gen. Motors Corp.*, No. 3:06-cv-00608-DPJ-JCS, 2007 WL 1610478, at *3 (S.D. Miss. June 1, 2007) (Jordan, J.); *Collins v. Ford Motor Co.*, No. 3:06-cv-32-HTW-JCS, 2006 WL 2788564, at *3 (S.D. Miss. Sept. 26, 2006) (Wingate, J.). We agree with these courts that the innocent seller provision applies to such claims. To allow a plaintiff to circumvent the provision simply by relabeling a products liability claim as a warranty claim would "render[] the innocent seller provision of the MPLA an exercise in futility and irrelevancy." *Gardner*, 2012 WL 968026, at *4. We "doubt[] that the . . . [L]egislature intended to provide [this] protection . . . in all areas of products liability law except for the area of implied warranties." *Land*, 2008 WL 4056224, at *3. Accordingly, the innocent seller provision also bars the Holifields' implied warranty claim.

¶13.    The Holifields also assert that they have claims for fraud and under the Consumer Protection Act, Mississippi Code Annotated sections 75-24-1 to -29 (Rev. 2016), that are not barred by the innocent seller provision. However, the argument is nothing more than a bare assertion without citation of authority. The issue was presented in the same cursory fashion in the circuit court. Accordingly, the argument is waived. *See Alexander v. Womack*, 857 So. 2d 59, 62 (¶12) (Miss. 2003); *Randolph v. State*, 852 So. 2d 547, 558 (¶29) (Miss. 2002);

M.R.A.P. 28(a)(7).[5]

¶14.    Finally, the Holifields assert that the circuit court should have granted a continuance for additional discovery pursuant to Mississippi Rule of Civil Procedure 56(f). However, the Holifields identify no facts that discovery might have uncovered that would affect City Salvage's entitlement to summary judgment under the innocent seller provision. Accordingly, this issue is also without merit.

## CONCLUSION

¶15.    City Salvage was entitled to judgment as a matter of law pursuant to the innocent seller provision of the MPLA. Accordingly, we affirm.

¶16.    **THE JUDGMENT OF THE CIRCUIT COURT OF JONES COUNTY, SECOND JUDICIAL DISTRICT, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANTS.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, CARLTON, FAIR, GREENLEE AND WESTBROOKS, JJ., CONCUR.**

---

[5] We also note that "[n]umerous [federal] district courts have recognized that the MPLA subsumes common law . . . misrepresentation claims based on a defective product." *Gardley-Starks v. Pfizer Inc.*, 917 F. Supp. 2d 597, 602 (N.D. Miss. 2013) (Aycock, J.) (quoting *Lashley v. Pfizer Inc.*, 877 F. Supp. 2d 466, 471 (S.D. Miss. 2012) (Ozerden, J.) (collecting cases)).