# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-20114

United States Court of Appeals
Fifth Circuit

**FILED**

March 21, 2016

Lyle W. Cayce
Clerk

HASSAN ALI PEJOUHESH,

> Plaintiff-Appellant

v.

CAPITAL ONE BANK,

> Defendant-Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:14-CV-2060

Before DAVIS, JONES and HAYNES, Circuit Judges.

PER CURIAM:[*]

Hassan Ali Pejouhesh, federal prisoner # 78128-279, moves for leave to proceed in forma pauperis (IFP) to appeal the dismissal of his civil complaint for failure to state a claim on which relief can be granted. The district court denied his motion to appeal IFP and certified that his appeal was not taken in good faith pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rule of Appellate Procedure 24(a)(3). By moving this court for leave to proceed IFP, Pejouhesh is challenging the district court's certification decision. *See Baugh v. Taylor*,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-20114

117 F.3d 197, 202 (5th Cir. 1997). Our inquiry into an appellant's good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted).

Pejouhesh asserts that the district court improperly dismissed his claims for breach of contract and a violation of due process. He has not set forth any facts to support a claim for a breach of contract. *See Lewis v. Bank of America, N.A.*, 343 F.3d 540, 544-45 (5th Cir. 2003). While he alleges that he had a valid and active lease agreement with Capital One for a safe deposit box, he has not proffered the agreement, identified the terms of the agreement, or set forth the provisions that Capital One did not follow. He also has failed to assert facts to support that Capital One breached any duties under the agreement or that any damages are attributable to a breach. *See id.* Likewise, he has not alleged any facts to support his assertion that Capital One violated his due process rights because he has not set forth any bases for the conduct of Capital One, a private party, to be deemed state action. *See Daniel v. Ferguson*, 839 F.2d 1124, 1131 (5th Cir. 1988).

He additionally maintains that the district court wrongly dismissed his complaint without first conducting a pretrial conference under Federal Rule of Civil Procedure 16. However, Rule 16(a) suggests that a pretrial conference is not mandatory and, in this case, the district court effectively concluded that a pretrial conference was unnecessary because Pejouhesh's complaint failed to allege sufficient facts to state a plausible claim for relief. *See* FED. R. CIV. P. 16(a); *Ashcroft v. Iqbal*, 566 U.S. 662, 678 (2009). Regardless, Pejouhesh has not alleged that the district court's failure to hold a pretrial conference affected his ability to state a claim or otherwise harmed him. *See* FED. R. CIV. P. 61.

No. 15-20114

Pejouhesh argues that Capital One fraudulently moved the district court for an extension of time to file a responsive pleading by misstating the deadline to respond. He contends that Capital One, which removed this case to federal court on the basis of diversity jurisdiction, did not inform the district court that the deadline was determined by the date on which the complaint was served in state court. However, because the complaint was properly removed, it was subject after removal to the Federal Rules of Civil Procedure. FED. R. CIV. P. 81(c)(1); *Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 427 (1996). Under the applicable federal rules, Capital One correctly represented in its motion for extension of time that its response was due no later than seven days after the notice of removal was filed. FED. R. CIV. P. 81(c).

Also, Pejouhesh argues that the district court wrongly concluded that his claims alleging negligence, negligent misrepresentation, and a violation of the Texas Deceptive Trade Practices Act were untimely. He further suggests that his attempts to seek timely relief were frustrated by Capital One. The district court concluded that the untimeliness of Pejouhesh's claims was an alternative basis for dismissal; the district court also determined that Pejouhesh's claims were inadequately pled because he failed to allege sufficient facts to support them. Pejouhesh has not briefed any argument contesting the district court's findings regarding the sufficiency of his allegations and, thus, has not shown that his claims, even if timely, were wrongly dismissed. *See* FED. R. CIV. P. 61; *Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).

He further argues that he correctly served his complaint on Capital One. Although Capital One argued insufficient service of process as a basis on which Pejouhesh's complaint should be dismissed, the district court did not dismiss the complaint on this basis. Instead, the district court dismissed the complaint for failure to state a claim. Thus, the argument is effectively inapposite.

No. 15-20114

Additionally, Pejouhesh maintains that the district court wrongly denied his motions for extensions of time to amend his complaint. The record reflects that district court gave Pejouhesh ample opportunity to amend his complaint, considered his belated motion for leave to amend, and dismissed the complaint with prejudice only after concluding that the pleading deficiencies in the initial complaint had not been rectified. To the extent that the district court denied Pejouhesh's motion to amend his complaint to add non-diverse parties whose inclusion would destroy diversity, the denial was not an abuse of discretion. *See Fahim v. Marriott Hotel Servs., Inc.*, 551 F.3d 344, 347 (5th Cir. 2008); 28 U.S.C. § 1447(e); *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987).

Finally, Pejouhesh asserts that the district court erred in finding that he did not make the required showing for the appointment of counsel. He has not shown exceptional circumstances warranting the appointment of counsel. *See Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982). Thus, the district court did not abuse its discretion in denying him appointed counsel. *See Baranowski v. Hart*, 486 F.3d 112, 126 (5th Cir. 2007).

Because Pejouhesh has failed to demonstrate that his appeal involves a nonfrivolous issue, we deny his motion to proceed IFP and dismiss the appeal as frivolous. *See Baugh*, 117 F.3d at 202 & n.24; *Howard*, 707 F.2d at 220; 5TH CIR. R. 42.2. His motion for the appointment of counsel is likewise denied.

Both the district court's dismissal of the complaint for failure to state a claim and our dismissal of this appeal count as strikes for purposes of 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). We caution Pejouhesh that, if he accumulates three strikes, he will not be able to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

No. 15-20114

MOTIONS DENIED; APPEAL DISMISSED; SANCTION WARNING ISSUED.