ORDER & OPINION
Micaela Alvarez, United States District Judge *349 The Court now considers Flor and Arnoldo Gonzalez's ("Plaintiffs") motion to remand,[1] as well as State Farm Lloyds and Bobby Greer's ("Defendants") response.[2] After duly considering the record and authorities, the Court DISMISSES Defendant Bobby Greer ("Greer") WITHOUT PREJUDICE , and DENIES Plaintiffs' motion to remand.
I. BACKGROUND
This is an insurance case stemming from a storm which allegedly damaged Plaintiffs' property on May 17, 2016.[3] Plaintiffs submitted a claim to Defendant State Farm Lloyds, who sent Greer to inspect Plaintiffs' property on July 7, 2017.[4] Greer conducted a second inspection of Plaintiffs' property on October 27, 2016, estimating damages to be $9,258.84.[5] Plaintiffs were ultimately dissatisfied with both adjustments and ultimate payment, and filed suit against Defendants in state court on December 16, 2016.[6] The case was removed on January 26, 2017,[7] and Plaintiffs filed their motion to remand on February 15, 2017.[8] Defendants responded on March 2, 2017.[9] The Court now turns to its analysis.
II. LEGAL STANDARD
The residency of non-diverse defendants who have been improperly joined is not considered for diversity jurisdiction purposes.[10] The Fifth Circuit recognizes two manners by which improper joinder may occur: "(1) actual fraud in the pleading of jurisdictional facts, or (2) [the] inability of the plaintiff to establish a cause of action against the non-diverse party in state court."[11] The Fifth Circuit has interpreted the second manner to mean that "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant."[12] To determine whether a plaintiff has a reasonable basis for recovery, courts evaluate the sufficiency of the pleadings against non-diverse parties under the federal pleading standards.[13]
Twombly and Iqbal lay out a two-prong approach to Rule 12(b)(6) dismissal motions,[14] which is relevant here for understanding what constitutes the baseline federal pleading standard.[15] First, the plaintiff must plead "enough facts to state a claim *350 to relief that is plausible on its face."[16] A claim has facial plausibility when its factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[17] Second, the plaintiff must prove the plausibility of his claim with case-specific facts, not mere conclusions: "a pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do."[18] "Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement."[19] Thus, although courts must accept as true all well-pleaded facts, they need not accept as true overt legal conclusions, or legal conclusions which have been "couched" as factual allegations.[20]
Moreover, Federal Rule of Civil Procedure 9(b) heightens the traditional 12(b)(6) pleading standard when the claim in question involves fraud, requiring that "a party must state with particularity the circumstances constituting fraud or mistake."[21] The Fifth Circuit has clarified what it means to state "with particularity" the circumstances constituting fraud: the plaintiff must allege the "[1] time, [2] place, [3] contents of the false representations, as well as the [4] identity of the person making the misrepresentations and [5] what he obtained thereby."[22] This doctrine has expanded to include "all cases where the gravamen of the claim is fraud even though the theory supporting the claim is not technically termed fraud."[23] Thus, courts have consistently applied Rule 9(b)'s heightened pleading standard to Texas Insurance Code ("TIC") claims, Texas Deceptive Trade Practices Act ("DTPA") claims, and conspiracy to commit fraud claims.[24] Some courts have been careful to distinguish between TIC provisions which are ultimately grounded in fraud and those that are not.[25] However, courts applying Rule 9(b) to DTPA claims make no such fine-tuned distinctions, and appear to universally apply rule 9(b) regardless of the provision.[26]
*351 III. APPLICATION
Neither party contends that jurisdictional facts have been fraudulently pled. Instead, the parties focus on whether Plaintiffs sufficiently pled any cause of action against Greer. The Court addresses this issue accordingly.
A. Fraud-Based Claims
Plaintiffs allege violations of the following DTPA provisions: §§ 17.46(b)(2),[27] (3),[28] (4),[29] (5),[30] (7),[31] (9),[32] (12),[33] (20),[34] and (24).[35] These provisions generally prohibit deceptive acts in connection with the provision of goods or services. However, Plaintiffs fail to support any of their DTPA claims with an explanation of what Greer did factually that constitutes deceptive acts. Plaintiffs simply and conclusorily recite the statutory language without alleging any substantive facts. On this basis alone, Plaintiffs have failed to adequately plead any of their DTPA claims,[36] which are all subject to the heightened Rule 9(b) pleading standard.[37] The same logic applies with equal force to Plaintiffs' TIC Section 541.060(a)(1) claim, which is itself grounded in fraud.[38] Accordingly, Plaintiffs' TIC 541.060(a)(1) claim and all of Plaintiffs' DTPA claims are insufficiently pled under the Federal Rules with regard to Greer.
B. Remaining TIC Claims
Plaintiffs fail to state any remaining TIC Section 541 claim in accordance with federal pleading standards. Plaintiffs largely track the statutory language of each respective provision asserted,[39] and insofar as this is the case, Plaintiffs' allegations are conclusory and will be ignored because they are not entitled to the assumption of truth.[40] The only allegations that do not ostensibly track the applicable statutory language are as follows:
*352 • "Greer improperly adjusted Plaintiffs' claim."[41]
• "Greer conducted a substandard inspection, which is evidenced in her report, which failed to include many of Plaintiffs' damages."[42]
• "Greer misrepresented the cause of, scope of and cost to repair the damage to Plaintiffs' property, as well as the amount of and insurance coverage for Plaintiffs' claim under Plaintiffs' policy."[43]
• "State Farm and Greer failed to properly adjust the claim and Defendants have denied at least a portion of the claim without an adequate investigation...."[44]
• "Defendants misrepresented on their initial inspection, on July 7, 2016, that the damages caused by the wind and hailstorm to Plaintiffs' home were below the policy's deductible. Defendants further misrepresented on a re-inspection completed on October 27, 2016 that damages to Plaintiffs' home were only $9,258.84. However, Defendants' misrepresentations were false because Plaintiffs' damages stemming from the hail and windstorm exceed $20,733.35."[45]
These statements do not render Plaintiffs' TIC Section 541 claims well-pled because they are conclusory and simply "naked assertions devoid of further factual enhancement."[46] As another district court has stated under similar circumstances, "[t]hese factual allegations are not pled with enough specificity to distinguish particular facts from legal conclusions."[47] For example, Plaintiffs do not explain exactly how Greer's adjustments were "improper," or how his inspections were "substandard," or otherwise inadequate. Moreover, Plaintiffs do not explain which damages Greer "failed to include" in his adjustments, and why they should have been included. Plaintiffs also fail to explain when they filed their insurance claim with Defendant State Farm Lloyds. It is thus impossible to know whether or not Defendants responded within a "reasonable time" as required by TIC Section 541.[48] In sum, Plaintiffs' remaining TIC Section 541 claims against Greer do not satisfy federal pleading standards.
C. Negligence Claims
Plaintiffs also allege negligence, gross negligence, and negligent misrepresentation against Greer.[49] The Texas Supreme Court has enumerated the elements of negligence thus: "[1] the existence of a legal duty, [2] a breach of that duty, and [3] damages proximately caused by the breach."[50] Plaintiffs allege the following:
Greer was negligent in giving advice to Plaintiffs as to how they could repair the *353 property so as to prevent further damage to the property. This advice as to how to repair Plaintiffs' property was negligent because Plaintiffs could not properly repair the property and prevent further damage by following Greer's advice. Plaintiffs' property has sustained further damage as a result.[51]
Plaintiffs' allegations do not give rise to a negligence claim upon which relief can be granted because they have not established the existence of a duty. Adjusters have no independent duty to offer successful mitigation advice to insured parties, and Plaintiff's do not allege that any such duty existed under the insurance contract itself.
With regard to Plaintiffs' negligent misrepresentation claim, "a plaintiff must satisfy the following three elements: (1) a legal duty on the part of the defendant to supply correct information; (2) a breach of that duty; and (3) damages to the plaintiff as a result of justifiable reliance on the misrepresentation."[52] Here, Plaintiffs have not alleged any facts suggesting that their damages arose as a result of justifiable reliance on any alleged misrepresentation by Greer. Moreover, Plaintiffs' negligent misrepresentation claim, being undifferentiated from fraud, is subject to the heightened Rule 9(b) pleading standard.[53] Nevertheless, Plaintiffs do not state what the misrepresentation was, or what Greer received thereby in exchange for the misrepresentation. In sum, Plaintiffs have failed to adequately plead any negligence-related claim against Greer under the federal pleading standards.
D. Conspiracy
The elements of a civil conspiracy, recognized by the Texas Supreme Court and the Fifth Circuit, are: "1) two or more persons; 2) had an object to be accomplished; 3) that there was a meeting of the minds on the subject or course of action; 4) that there was one or more unlawful acts; and 5) that the Plaintiff was damaged as a proximate result thereof."[54] Plaintiffs attempt to support the third element with a conclusion: "The Defendants had a meeting of the minds on the objects or courses of action."[55] Nothing in Plaintiffs' pleading beyond this conclusory statement factually supports the third element of conspiracy. Thus, Plaintiffs have insufficiently pled conspiracy against Greer.
IV. Holding
Plaintiffs have not adequately pled any claim against Greer under the federal pleading standards. Thus, Greer was improperly joined in this case and his residency is disregarded for purposes of diversity *354 jurisdiction. Pursuant to Fifth Circuit dictate,[56] Greer is DISMISSED WITHOUT PREJUDICE . Because the only remaining parties-Plaintiffs and Defendant State Farm Lloyds-are completely diverse, the Court has diversity jurisdiction over this case. Accordingly, Plaintiffs' motion to remand is DENIED .
IT IS SO ORDERED.
DONE at McAllen, Texas, this 13th day of March, 2017.

Dkt. No. 5.

Dkt. No. 8.

Dkt. No. 1-3 p. 7.

Dkt. No. 1-3 pp. 7-8.

Id. p. 8.

Dkt. No. 1-3 p. 5.

Dkt. No. 1. p. 1.

Dkt. No. 5. p. 1.

Dkt. No. 8. p. 1.

Salazar v. Allstate Texas Lloyd's, Inc. , 455 F.3d 571, 574 (5th Cir. 2006).

Smallwood v. Illinois Cent. R. Co. , 385 F.3d 568, 573 (5th Cir. 2004).

Id. at 573.

Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Group, Ltd. , 818 F.3d 193, 208 (5th Cir. 2016).

Ashcroft v. Iqbal , 556 U.S. 662, 679, 129 S.Ct. 1937 ("Our decisions in Twombly illustrates the two-pronged approach.").

Bell Atl. Corp. v. Twombly , 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (emphasis added).

Id.

Iqbal , 556 U.S. at 678, 129 S.Ct. 1937.

Id.

Id.

Id. ("Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation.").

Fed. R. Civ. P. 9(b).

Benchmark Elec., Inc., v. J.M. Huber Corp. , 343 F.3d 719, 724 (5th Cir. 2003).

Frith v. Guardian Life Ins. Co. of Am. , 9 F.Supp.2d 734, 742 (S.D. Tex. 1998).

Frith , 9 F. Supp. 2d at 742 ; see also Berry v. Indianapolis Life Ins. Co. , 608 F. Supp. 2d 785, 800 (N.D. Tex. 2009) (applying Rule 9(b) to Texas Insurance Code § 541 and DTPA); Patel v. Pac. Life Ins. Co. , CIV.A.3:08CV0249B, 2009 WL 1456526, at *18 (N.D. Tex. May 22, 2009) (applying 9(b) to Texas Insurance Code § 541); Ramirez v. Am. Home Products , C.A. B-03-155, 2005 WL 2277518, at *9 (S.D. Tex. Sept. 16, 2005) (applying Rule 9(b) to DTPA claim alleging misrepresentations); Tedder v. USF & G Specialty Ins. Co. , CIV.A. H-10-2676, 2011 WL 1806516, at *5 (S.D. Tex. May 11, 2011) (applying 9(b) to Texas Insurance Code § 542 claim); Allstate Ins. Co. v. Benhamou , 190 F.Supp.3d 631, 664-665 (S.D. Tex. 2016) (applying 9(b) to conspiracy to commit fraud); U.S. ex rel. Grubbs v. Kanneganti , 565 F.3d 180, 193 (5th Cir. 2009) (applying 9(b) to conspiracy to commit fraud).

See e.g. Tiras v. Encompass Home & Auto Ins. Co ., 4:10-CV-03266, 2011 WL 5827298, at *4-6 (S.D. Tex. Nov. 17, 2011).

See DiNoto v. USAA Cas. Ins. Co. , CIV.A. H-13-2877, 2014 WL 4923975, at *6 (S.D. Tex. Sept. 30, 2014) ; Dalton v. State Farm Lloyd's, Inc. , CIV.A. H-12-3004, 2013 WL 3157532, at *7 (S.D. Tex. June 19, 2013) ; Lopez v. United Prop. & Cas. Ins. Co. , 197 F.Supp.3d 944, 952 (S.D. Tex. 2016) ; Bowles v. Mars, Inc. , 4:14-CV-2258, 2015 WL 3629717, at *2 (S.D. Tex. June 10, 2015) ; Pejouhesh v. Capital One Bank , CIV.A. H-14-2060, 2014 WL 4243745, at *4 (S.D. Tex. Aug. 26, 2014), reconsideration denied, CIV.A. H-14-2060, 2015 WL 539549 (S.D. Tex. Feb. 9, 2015), appeal dismissed, 644 Fed. Appx. 283 (5th Cir. 2016).

Prohibiting causing confusion about services or goods.

Prohibiting causing confusion about services or goods.

Prohibiting deception concerning goods or their geographic origin.

Prohibiting misrepresentation about a product or service's qualities.

Prohibiting misrepresentation about a product or service's qualities.

Prohibiting false advertising.

Prohibiting misrepresentation about the nature of an agreement.

Prohibiting misrepresentation of the nature of guarantees or warranties.

Prohibiting intentional inducement of a customer into a transaction by failing to disclose pertinent, known information about a product or service.

Plaintiffs allege violation of DTPA §§ 17.46(b)(2), (3), (4), (5), (7), (9), (12), (20), and (24).

See Benchmark Elec., Inc. , 343 F.3d at 724.

See Tiras , 2011 WL 5827298, at *3 ("The gravamen of [a Section 541.060(a)(1) ] claim is fraud, as it concerns reliance on material misrepresentations.") (citing Shandong Yinguang Chem. Indus. Joint Stock Co., Ltd. v. Potter , 607 F.3d 1029, 1032 (5th Cir. 2010) ).

See Dkt. No. 1-3 pp. 9-10.

Ashcroft v. Iqbal , 556 U.S. 662, 679, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

Dkt. No. 1-3 p. 7.

Id.

Id. at 7-8.

Id. at 8.

Id.

Iqbal , 556 U.S. at 678, 129 S.Ct. 1937.

Johnson, v. The Travelers Home & Marine Ins. Co. , CV H-16-449, 2016 WL 4061146, at *2 (S.D. Tex. July 29, 2016).

See Tex. Ins. Code Ann. § 541.060(a)(4) (prohibiting failure "within a reasonable time to affirm or deny coverage of a claim to a policy holder.").

Dkt. No. 1-3 pp. 17-18.

Crosstex N. Texas Pipeline, L.P. v. Gardiner , 505 S.W.3d 580, 607 (Tex. 2016), reh'g denied (Dec. 16, 2016) (quoting IHS Cedars Treatment Ctr., Inc. v. Mason , 143 S.W.3d 794, 798 (Tex. 2004) ).

Dkt. No. 1-3 p. 17.

Barclay v. State Farm Lloyds , CIV.A. H-14-3649, 2015 WL 1408185, at *7 (S.D. Tex. Mar. 26, 2015) (quoting Johnson v. Seacor Marine Corp. , 404 F.3d 871, 877 (5th Cir. 2005) ).

See Benchmark Elecs., Inc. v. J.M. Huber Corp. , 343 F.3d 719, 723 (5th Cir. 2003), opinion modified on denial of reh'g, 355 F.3d 356 (5th Cir. 2003) ("Although Rule 9(b) by its terms does not apply to negligent misrepresentation claims, this court has applied the heightened pleading requirements when the parties have not urged a separate focus on the negligent misrepresentation claims.). The Court observes that Plaintiffs' allegations within their negligent misrepresentation section states "The misrepresentations, acts and/or failures to act set forth herein were committed with gross negligence, fraud and/or malice...." (Dkt. No. 1-3 p. 16.).

Barclay v. State Farm Lloyds , CIV.A. H-14-3649, 2015 WL 1408185, at *7 (S.D. Tex. Mar. 26, 2015) (citing Banc One Capital Partners Corp. v. Kneipper , 67 F.3d 1187, 1194 (5th Cir. 1995) ).

Dkt. No. 1-3 p. 15.

Int'l Energy Ventures Mgmt., L.L.C. , 818 F.3d at 209.